### ANDREW J. EASTER *v.* JOHN S. RILEY.

CHANCERY COURT. *Amendments. Statute of limitations. New case. Mortgagor and mortgagee.*

Although an original bill to foreclose a mortgage on land would then be barred by the six years' statute of limitations, a purchaser under a foreclosure *in pais,* who before the bar attached has filed a bill against the mortgagor to quiet his title and get possession, may, when it appears by the answer of the mortgagor that his title is invalid by reason of defects in the sale, concede such invalidity, and amend the prayer of his bill so as to pray for and procure a foreclosure, when the bill contains every allegation necessary to sustain a foreclosure.

FROM the chancery court of Monroe county.

HON. HENRY L. MULDROW, Chancellor.

The appellee, Riley, was complainant, and the appellant, Easter, was defendant in the court below.

The opinion states the case.

*Gilleylen & Leftwich,* for appellant.

Complainant makes a virtue out of the fact that he only amended the prayer of his bill. He made an entirely new case, at all events, if he only changed a letter. In stressing this fact complainant only makes a virtue of his mispleading in having

many unnecessary averments in his bill to cancel clouds. He exploits the fact also that no new evidence was necessary after the amendment. This would not have been true had complainant confined himself to what was pertinent and relevant in his pleading and evidence in his bill to cancel clouds. By dragging into one case irrelevant averments and testimony, complainant cannot deprive defendant of the substantial right of pleading the statute of limitations when he makes another case by amendment. By amendment complainant abandoned his entire case as one to remove clouds, and thenceforward prosecuted it as one to foreclose a mortgage. This was not proper. 1 Am. & Eng. Ency. Pl. & Pr., 472; *Duggan* v. *Champlin,* 75 Miss., 441; *Miazza* v. *Yerger,* 53 Miss., 135; *Clark* v. *Hull,* 31 Miss., 520; *Walker* v. *Brown,* 45 Miss., 618; *Kolb* v. *Kirkpatrick,* decided October Term, 1895. In this latter case, *Kolb* v. *Kirkpatrick,* no opinion was delivered, but it presents the identical question.

We especially call the court's attention to the record in the case of *Kolb* v. *Kirkpatrick.* Kolb presented his bill as one to remove clouds, claiming to be the owner of the lands described in the bill. He finally amended his bill, rather the prayer of his bill, making it an alternative prayer, and asked that in case the court should not hold him to be the owner of the land, then that, as a creditor of defendant, he be allowed to enforce his debt against the land under § 503, code 1892. The lower court allowed the amendment, but sustained a demurrer to it and dismissed the bill. This action was assigned for error on appeal, and the lower court was sustained by this court, but no opinion was rendered. The amendment made entirely a new case when allowed, and the statute commenced to run from the date of amendment and does not relate back to bringing of suit. Some authorities: *Supra.,* 1 Am. & Eng. Ency. Pl. & Pr., 472, 622, and cases; *Dinkins* v. *Bowers,* 49 Miss., 219; *Anderson* v. *Mayers,* 50 Cal., 525; *Crawford* v. *Cathron,* 2 Sneed, 492; *Railroad* v. *Jones,* 24 L. R. A., 141; *Sicord* v. *Davis,* 6 Pet., 124; *Tel. Co.* v. *Nelson,* 31 L. R. A., 512; *Lloyd* v. *Brewster,*

27 A. D., 88; *Kolb* v. *Kirkpatrick,* Sup. Ct. Miss., Oct. Term, 1895.

In *Dinkins* v. *Bowen, supra,* the action was changed from assumpsit to one to enforce a mechanic's lien. This court held the statute of limitations ran to the date of amendment and not the date of bringing the suit. In *Anderson* v. *Mayers, supra,* plaintiff sued on a judgment, and then amended his complaint so as to state a case of action on the note supporting the judgment. The court held that the statute continued running to the time of the amendment. In *Crawford* v. *Catron, supra,* the action was changed from assumpsit to debt. In *Railroad* v. *Jones,* 24 L. R. A., *supra,* the action was changed from one for treble damages under a statute to a common law action for a tort. *Tel. Co.* v. *Nelson,* 37 L. R. A., 572, shows an amendment which does not make a new case.

The above cases are exactly in point, and many others could be cited if necessary. Not much argument, nor much authority, ought to be required to show that the amendment of March 1, 1901, made a new case. Prior to that amendment, complainant claimed to be the owner of the land and wanted to dispossess defendant. It was a real action. After the amendment, complainant's demand was that defendant owed him a debt, the amount of which he sought to have ascertained, and claimed to have a mortgage on the land to secure it, which he wanted foreclosed. The relief asked and granted was for the collection of a debt, after the amendment a personal action.

Complainant had no cause, in fact, until the amendment was made. Prior to that time he claimed to be owner, when his exhibits showed he had no title at all—if for no other reason, because there was no seal in the appointment of McKinney, substituted trustee. Complainant made much ado below over the fact that the matter of the indebtedness had been thoroughly gone through with in the evidence. But even if so, it was for another purpose when not irrelevant. Complainant cannot seize hold of a fictitious circumstance, more or less accidental and

not relative to the pleadings as they then stood, to change and modify a wholesome and universal rule of law. The plea of the statute of limitations of six years to the note and deed of trust should have been allowed after the amendment was granted making a new case. Code, 1892, § 2733; *Dinkins* v. *Bowers,* 49 Miss., 219; *Anderson* v. *Mayers,* 50 Col., 525; *Crawford* v. *Cathron,* 2 Sneed (Tenn.); *Railroad* v. *Jones,* 24 L. R. A., (Ill.) 141.

An effort to enforce the debt was for the first time made by the amendment. Would a plea of the statute of limitations of six years been tolerated as a defense to the bill prior to the amendment? It would have been farcical. That the same defense is not applicable after the amendment, or before, is one of the tests of making a new case. *Park* v. *Lyde,* 90 Ala., 246; *Caldwell* v. *King,* 76 Ala., 149; *Winston* v. *Mitchell,* 93 Ala., 554.

Can it be argued, then, that the filing of the bill stopped the statute before the amendment was made? By allowing the amendment the defendant cannot be deprived of the substantial right of the statute of limitations. The right to the collection of a debt was for the first time asserted in the amended bill. It was not asserted in the original bill. That was a real action. Complainant proved rents in evidence which he expected to recover as damages for the wrongful detention of his land. The rule is well established that when the amendment introduces new parties or makes a new case, the statute of limitations may be pleaded as of the date of the amendment. 1 Am. & Eng. Ency. Pl. & Pr., 472, and cases; 1 Am. & Eng. Ency. Pl. and Pr., 621, and cases; *Dinkins* v. *Bowers,* 49 Miss., 219; *Cooper* v. *Allen,* 57 Miss., 694; *McCall* v. *Nave,* 52 Miss., 494; *Potts* v. *Hines,* 57 Miss., 735; *Brown* v. *Goolsby,* 34 Miss., 437; *C., B. & Q. R. R. Co.* v. *Jones,* 24 L. R. A., 141; *Crawford* v. *Cathron,* 2 Sneed., 492; *Lloyd* v. *Brewster,* 27 Am. Dec., 88.

The case of *Dinkins* v. *Bowers, supra,* decided by this court, is precisely in point and decisive of the case. The test applied in *Cooper* v. *Allen,* 57 Miss., 694, was that the same claim "was asserted in the original bill." The claim for the money here was not asserted, nor could it have been in the original bill. As said in *McCall* v. *Nave,* 52 Miss., 494, the same subject-matter was not the basis of the original bill as was the basis of the relief granted.

*Walker & Tubb,* for appellee.

All the allegations of the bill brought in issue the validity of the deed of trust and the nonpayment of the debt is secured. Under those issues and the proof supporting them it was competent for the court either to grant the specific relief prayed for, or any other relief consistent with the case made by the bill. The allegations of the bill were sufficient to afford a ground for the relief by foreclosure, and were introduced into the bill for the purpose of showing a claim to relief. As said by Lord Eldon, in *Heirn* v. *Mill,* "The rule is, that if the bill contains charges putting facts in issue that are material, the plaintiff is entitled to the relief which those facts will sustain under the general prayer; but he cannot desert specific relief prayed and under the general prayer ask specific relief of another description, unless the facts and circumstances shown by the bill will, consistently with the rules of court, maintain that relief." 1 Daniel Ch. Pr. (4th ed.), 380; *Bell* v. *Clark,* 71 Miss., 607.

The judgment of this court in *Walton* v. *Walton,* 70 Miss., 666, is not responsive to the specific relief prayed for in that case, as shown by the reporter's statement on page 663. The specific relief there prayed for was confirmation of title conveyed by the trustee in a deed of trust. But the judgment was for an accounting and fixing the amount found due as a charge on the lands described in the deed of trust. See also

*Barnett* v. *Nichols,* 56 Miss., 622; *Barkwell* v. *Swan,* 69 Miss., 907.

It was perfectly competent for the bill to be framed with a double aspect, and therefore it might be amended so as to be of that character. 1 Daniel Ch. Pr. (4th ed.), 384, and note 7; *Kaufman* v. *Whitney,* 50 Miss., 111; *Gentry* v. *Gamblin,* 28 So. Rep., 809, *ante,* 437.

That the amendment, if it was in any view of the case necessary, did not make a new case, we think, is perfectly clear. The same evidence that would support the specific prayer of the bill would support the amendment. 1 Am. & Eng. Ency. Pl. & Pr., 556, text and note 2; Ib., 557, note 2; Ib., 564, text and note 5.

If the amendment was necessary and proper to enable Riley to get relief by foreclosure, to which the allegations of the bill and the proof clearly entitled him, its filing related back to the date of the filing of the original bill, and the statute of limitations had not at that time barred a foreclosure. Of the filing of the amendment, the defendant had ample notice, and did not even ask for time to present his answer to the amended bill, but answered at once and went on to trial on the testimony as it stood. As an evidence of the fact that no new case was made by the amendment to the prayer, it required not the addition or change of a single averment of the bill, or denial or averment in the answer, and after the cause was referred to the master to make and state an account, not one word more of testimony was necessary or taken to enable him to make his finding, but the testimony already taken before the making of the amendment, on which the cause was determined by the chancellor, was fully sufficient for both the complainant and defendant to guide the master in making his finding.

TERRAL, J., delivered the opinion of the court.

The bill of complaint in this case is based upon a mortgage with a power of sale, which is made an exhibit to the bill. The mortgage was dated April 25, 1894, to secure an indebtedness

of $250, due November, 1894. The bill of complaint was filed April 19, 1899. The bill alleges a due execution of the mortgage, and the sale of the land thereunder by a substituted trustee, a purchase thereof by Riley, and a conveyance of it to him by said trustee. It alleges that Easter, notwithstanding the sale, claims some title to the property, and refuses to give possession to plaintiff. It prays that the claim of Easter may be removed as a cloud upon complainant's title, and for a writ of assistance to put him in possession. By the answer of Easter it appears for the first time that the substituted trustee, who made the sale of the property, was appointed under the bare hand of Riley, and that his authority for making such appointment prescribed that it should be done under his hand and seal. Complainant thereupon, conceding the invalidity of his assumed legal title under the sale by the substituted trustee, moved the court to amend the prayer of his bill by praying that, if his title be considered defective because said substituted trustee was not appointed under his hand and seal, then that the legal title to said land be by the court vested in the clerk of the court as master, and for a sale of it to pay complainant the sum found to be due him upon said indebtedness. This motion to amend the prayer of the bill was made in November, 1891, when an original bill to foreclose said mortgage would have been barred by the statute of limitations of six years, and objection was made to the amendment because it was said the frame and essential features of the bill were changed by the proposed amendment. Notwithstanding the objection, the amendment was made, and Riley had a decree foreclosing his mortgage, and this appeal presents the above amendment as an error of the court in the case. The bill, though one in form to remove clouds from title, set up and presented complainant's mortgage, under which he founded his right to relief, and in its averments and structure it contained every material allegation necessary to foreclose it as a mortgage, if the sale made under it was found to be defective. By the answer of Easter it appeared that the fore-

closure *in pais* was defective, and passed no title, and the alternative aspect of the bill was properly looked into by the court in order to give complainant a suitable remedy. The structure of the bill of complaint, in effect, was to enforce whatever rights Riley had under the mortgage containing this power of sale, and the amendment made, if needed, did not, in our view of the matter, change the frame and essential features of the bill as originally filed, and it was not obnoxious to the objection made to it.

*Affirmed.*