PAYNE *v.* SMITH, et al.

May 10, 1954

No. 39215 64 Adv. S. 26 72 So. 2d 234

*E. C. Fishel,* Hattiesburg, for appellant.

*T. Price Dale,* Hattiesburg, for appellees.

Arrington, J.

Bill Smith owned a tract of land consisting of 15 acres, more or less, in Perry County, Mississippi, and on September 10, 1938, he and his wife, Addie Smith, executed a deed of trust to secure to Mrs. Baylis Overstreet, now Mrs. Baylis Overstreet Payne, appellant herein, the sum of $258.19, evidenced by a promissory note due on demand, a small portion of which sum was the amount necessary to redeem the land from a tax sale in 1933. In 1943, Bill Smith signed a deed covering the same land and delivered it to Mrs. Overstreet, but his wife did not sign this deed. Bill Smith and Addie Smith lived on this land and occupied the same as their homestead. In February, 1944, proceedings were begun to foreclose said deed of trust. The deed of trust failed to name any person as trustee and the attorney representing Mrs. Overstreet proceeded to act as trustee, although no trustee was appointed in the deed of trust.

Mrs. Baylis Overstreet was the purchaser at the sale and a trustee's deed was executed and delivered to her by the attorney. Afterwards, in 1945, Bill Smith executed a deed to Addie Smith covering the same lands and Addie Smith has continued to live on the land since that time, refusing to surrender possession. In 1947, Addie Smith filed suit to cancel the trustee's deed as a cloud on her title, alleging the invalidity of the sale. To the bill of complaint, the appellant demurred on the ground that Addie Smith had not deraigned her title. This de-

murrer was sustained and when complainant refused to amend the bill of complaint, it was dismissed without prejudice. An appeal was taken to this Court and the decree of the court below was affirmed.

No further action was taken by appellee and on February 11, 1952, appellant filed her bill of complaint to confirm title or in the alternative to have the deed of trust declared a mortgage and foreclosure authorized. Appellee answered and plead the statute of limitations. No offer was made by appellee to pay the amount due under the deed of trust or the taxes which had been paid by appellant each year since the attempted foreclosure, except two. The court below found that the appellant was not entitled to any relief, from which decree she has appealed.

The foreclosure was void and appellant concedes that "unless there had been no appearance or answer whereby default could be taken, there was no hope or expectation except that because of the equities, the defendant would be estopped to plead or obtain the benefit of the statute of limitations." Appellant relies on Easter v. Riley, 79 Miss. 625, 31 So. 210, Allen v. Alliance Trust Company, 84 Miss. 319, 36 So. 285, and Wall v. Harris, 90 Miss. 671, 44 So. 36, as authorities for the contention that "by giving the deed of trust, the grantors are estopped from asserting any claim to the land except upon doing full equity." If this were true, the statute of limitations, Section 743, Mississippi Code of 1942, could never be invoked if the debt was still outstanding and this statute would be of no effect whatsoever. In the case of Easter v. Riley, supra, suit was commenced before the bar of the statute, after foreclosure for cancellation of defendant's claim and writ of possession, and upon defendant asserting the invalidity of the foreclosure, complainant was allowed to amend the prayer of his bill asking for the sale of the mortgaged premises to pay his debt, although the period of limitation had expired between the

filing of the original complaint and the motion to amend. The Court held that the allowance of such an amendment was not erroneous as being the substitution of a different cause of action barred by limitation, as the original bill contained every allegation necessary to sustain the fore-closure. This case has no application to the facts of the instant case.

The cases of Allen v. Alliance Trust Company and Wall v. Harris, supra, apply to one in the position of a mortgagee in possession. In 37 Am. Jur., Mortgages, Section 798, it is stated: ''Where a purchaser at a mortgage foreclosure sale is in possession of the mortgaged land, the fact that all action on the mortgage debt is barred by a statute of limitations does not relieve the mortgagor of the necessity of paying the mortgage debt as a condition to relief against an invalid foreclosure of the mortgage.''

In Catchings v. Edmondson, 194 Miss. 882, 13 So. 2d 630, the Court said: ''It has often been ruled by this Court that where a mortgagee enters into possession of property under foreclosure, he is entitled to retain possession until the mortgagor or those claiming under him shall pay the mortgage debt, even though the foreclosure proceedings be wholly void and as such had conveyed no title whatever; and that this right to retain possession is not affected by any statute of limitations which otherwise would run against the debt. The cases so holding have been recently reviewed in Hubbard v. Massey, 192 Miss. 95, 4 So. 2d 230, 494, and in Wirtz v. Gordon, 187 Miss. 866, 184 So. 798, 192 So. 29.''

While it does not appear from Allen v. Alliance Trust Company, supra, as reported, that the purchaser at the void foreclosure sale was in possession, which no doubt has confused the issue in this case, a reading of Haggart v. Wilczinski, 143 F. 22, a case from the southern district, growing out of Allen v. Alliance Trust Company, shows

that the purchaser was in possession. See Wirtz v. Gordon, 187 Miss. 866, 184 So. 798, 192 So. 29.

 The appellant further contends that her attorney failed to do his duty in handling the foreclosure and appellant did not know to the contrary, and that appellee should not be allowed to gain any advantage thereby. But in deciding whether appellee is estopped to plead or obtain the benefit of the statute of limitations, which appellant concedes is the only question involved on this appeal, we must look not to the conduct of appellant and her attorney but to the conduct of appellee. Staton v. Bryant, et al., 55 Miss. 261.

In looking to the conduct of appellee to see if the advantage of the defense of the statute of limitations has been fairly obtained, we need look no further than the testimony of the appellant, as follows:

"Q. Mrs. Overstreet, Addie Smith never did ask you to pay the taxes on this land, did she?

"A. No, sir. I thought it was my land, and the two times I didn't, she paid it.

"Q. She never did ask you to pay it since 1944?

"A. No, sir, she hasn't asked me to.

"Q. Addie has always had possession of that property?

"A. She has lived there but under protest.

"Q. And you have repeatedly gone to her to get her off?

"A. I offered her $50 once if she would let me have the house. I thought it was mine, and I offered her two acres of land if she would go.

"Q. You have repeatedly asked her to get off?

"A. Yes, sir.

"Q. And she has repeatedly refused to get off?

"A. Yes.

"Q. And she has claimed it as her own?

"A. Yes."

We find no element of estoppel in the conduct of Addie Smith. She refused to surrender possession and refused to recognize the title of appellant. Appellant says that she did not know that the foreclosure was void but she admits that Addie refused to surrender possession. When appellee refused to surrender possession, appellant had her remedy as in Easter v. Riley, supra, but having neglected to take action in this matter, she cannot now deny the appellee the right to plead the statute of limitations.

The appellant has never been in possession of the land and cannot invoke the rule applied in Allen v. Alliance Trust Company, Wall v. Harris, Hubbard v. Massey, and other cases cited, supra, as to a mortgagee in possession. Nor does the fact that Addie Smith filed suit in 1947 prevent her from pleading the statute of limitations, the suit having been dismissed without prejudice. The decree of the court below is affirmed.

Affirmed.

*Roberds, P. J.*, and *Lee, Holmes* and *Ethridge, JJ.*, concur.