William Welch v. Okay Williams et al.

Vendor and Purchaser. *Specific performance. Contract. Statute of frauds. Code 1892, § 4225, par (c). Offer. Acceptance.*

Where an offer to purchase land presents two alternative propositions, a mere acceptance of the offer, without specifying which proposition is accepted, does not create a contract which can be specifically enforced.

From the chancery court of Noxubee county.

Hon. James F. McCool, Chancellor.

Welch, the appellant, was complainant, and Mrs. Williams and others, the appellees, were defendants in the court below. From a decree sustaining the demurrer of defendants to the bill of complaint and dismissing the suit the complainant appealed to the supreme court. The opinion of the court states the facts of the case.

*J. E. Rives,* for appellant.

The allegations of the bill in this cause show that the agreement for the sale of this land was certain, mutual, not hard nor unconscientious, and that there was a valuable consideration for the contract; appellant having gone to the expense of obtaining an abstract of title and refusing to rerent the property which he was at the time occupying as a tenant; under which circumstances the bill is certainly maintainable.

This is one more instance in which demurrers have been sustained by the court where the pleadings demurred to charge fraud and where there were no answers denying the allegations of fraud, although this honorable court has from time to time repeatedly declared that a demurrer to a bill charging fraud will be overruled unless there is some answer denying the allegations of fraud.

The chancellor was misled by the case of *Stigler* v. *Jaap,* 83 Miss., 351 (s.c., 35 South. Rep., 948). He held that case to apply to the case at bar, while the facts in the two cases are not at all similar.

In this case the contract was a contract for the sale of the lot in Shuqualak, evidenced by the written correspondence of Mrs. Williams and appellant, so that this contract is not obnoxious to the statute of frauds, but is enforceable if any contract is enforceable for the sale of land.

*George Richardson,* for appellees.

The bill in every instance alleges alternative propositions, and the agreements, as the court can readily see, are insufficient in any degree of certainty, and we submit that if the writings were as uncertain as the allegations of the bill, no court could enforce specific performance. A court of equity will only decree specific performance where the contract is in writing, is fair and certain in all its parts, and is for an adequate consideration, and capable of being performed, but not otherwise. *Boman* v. *Cunningham,* 78 Ala., 48. It must be reasonably certain as to its subject-matter, its stipulations, its purposes, its parties, and the circumstances under which it was made. 3 Pomeroy Eq. Jur., sec. 1405.

If the note or memorandum (or correspondence) shows only a treaty pending, and not a contract concluded, or if it annex any conditions or any variations, it has no effect as a memorandum to bind the parties from whom it proceeded. *Phillips* v. *Adams,* 7 Ala., 376.

No specific performance of the contract can be decreed in equity unless the contract be actually concluded and certain as to all of its parts. If the matter rest in treaty, or if the agreement is, in any material particular, uncertain or indefinite, equity will not interfere. Frye on Specific Performance, sec. 164 (*Ib.,* 202).

In this instance there is no certainty with reference to the terms of the contract, no consideration passing from appellant to Mrs. Williams. The contract itself is not set out with any degree of accuracy, as it should have been in a case of this kind. Nor is there any correspondence set forth, nor anything by which the court could determine whether or not the agreement was without the statute of frauds.

TRULY, J., delivered the opinion of the court.

This is a bill to enforce specific performance of a contract for the sale of land. The contract which is averred to have been established by correspondence between the parties is as follows: "That, thereafter, and after further, correspondence, complainant offered to purchase said land on the following terms—to wit, $700 cash, less the taxes and rent to January 1st, 1904 (defendant to have possession until January 1st, 1904)—which offer was made in writing now in possession of said defendant, and complainant in said writing proposed to purchase said land on another condition if the proposition hereinbefore mentioned was not accepted—to wit, $100 cash and $600 on the 1st of January, 1904, defendant to pay taxes on said land for the year 1903, and defendant to reserve the rents for the balance of the year 1903." The bill further avers that the defendant "unequivocally accepted the proposition of complainant, and unconditionally agreed with complainant that she would execute to him a deed to the property above described on the terms proposed." The court sustained a demurrer to the bill, and refused to enforce the performance of the agreement as set out above, and this action of the court is assigned as error.

The elementary general rule, as frequently enunciated in reference to the enforcement of specific performance of contracts, so far as relates to the particular branch of the subject here presented for consideration, is that the contract must be specific and distinct in its terms, plain and definite in its meaning, and must show with certainty that the minds of the parties

had met and mutually agreed as to all its details upon the offer made, upon the one hand, and accepted, upon the other. If any of these requisites be lacking, specific performance will not be decreed by a court of equity. In our judgment the contract here sought to be enforced does not measure up to these requirements. The proposition which appellant avers was accepted by the defendant is in the alternative, embodying two distinctly different offers to purchase, and consequently, under the principle announced in *Everman* v. *Herndon,* 71 Miss., 830 (15 South. Rep., 135), the alleged contract is not sufficiently definite to warrant the interposition of a court of equity. It is impossible, accepting the language of the bill as set out, for any court to determine with any degree of certainty which of the two propositions would have finally been chosen by the vendor. Under this vague and indefinite statement, the court is without power to make a contract for the parties, where none appears with certainty to have been mutually assented to and agreed upon.

*Decree is affirmed.*