HODGES *v.* SOUTHERN BUILDING & LOAN ASS'N.

(Division A. May 15, 1933. Suggestion of Error Overruled June 12, 1933.)

[148 So. 223. No. 30637.]

Dunn & Westbrook, of Meridian, for appellant.

Marshall W. Amis, of Meridian, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, Southern Building & Loan Association, filed its bill of complaint in the county court of Lauderdale county against A. P'Pool and wife; A. O. P'Pool and wife; Walter G. Hodges, and the Consumers Realty Corporation, seeking to recover a balance alleged to be due it on a certain indebtedness originally contracted by the said P'Pools. The P'Pools answered the original bill and made their answer a cross-bill against the defendants Hodges and the Consumers Realty Corporation. Hodges and the Consumers Realty Corporation answered both the original and the cross-bills, and made their answer to the original bill a cross-bill. Upon the issues thus

presented, the cause was heard and a decree was entered in favor of the complainants against the P'Pools and Hodges for the amount sued for, and adjudging that the indebtedness was the primary obligation of the defendant Hodges. Hodges was also awarded a decree for said sum against the Consumers Realty Corporation, which was ordered to be bound and held in the hands of said Consumers Realty Corporation for the benefit of the Southern Building & Loan Association and the P'Pools.

From this decree, Hodges and the Consumers Realty Corporation appealed to the circuit court, where, on admission that the decree was erroneous in so far as it awarded any recovery against the Consumers Realty Corporation, that part of the decree was reversed and the bill and cross-bill were dismissed as to it. In all other respects the decree of the county court was affirmed, and from the judgment entered, Hodges appealed to this court.

From the averments of the original bill and the proof offered in support thereof, it appears that the P'Pools borrowed from appellee the sum of one thousand eight hundred dollars which was secured by a deed of trust on a certain house and lot in the city of Meridian. After default in the payment of this indebtedness, the deed of trust was foreclosed and the net proceeds of the sale were applied on the indebtedness, leaving a balance of four hundred fifty-five dollars and nine cents due as of July 30, 1931, for the recovery of which this suit was instituted. However, prior to default under the deed of trust, the P'Pools entered into a written contract with the appellant for the sale or exchange of lands and property, including the mortgaged premises. This contract provided that upon the consummation of the sale and exchange of property by the execution of mutual warranty deeds the said Hodges was to assume the indebtedness in favor of the appellee. Thereafter, in performance of the obligations of this memorandum or contract of sale,

there was tendered to, and accepted by, the P'Pools a deed .executed by the Consumers Realty Corporation conveying to them the land and property which Hodges had obligated himself to convey to them. Upon their part the P'Pools executed and delivered to the Consumers Lumber & Supply Company a warranty deed conveying to it the lands and property, including the mortgaged premises, which they had obligated themselves to convey to Hodges. The indebtedness and deed of trust in favor of appellee were referred to on the face of this deed. but there was no assumption thereof in the deed. The Consumers Lumber & Supply Company was not a party to this proceeding.

Among other grounds urged for reversal, the appellant contends, in effect, that the acts of the P'Pools in the acceptance of a deed from a third party, and the execution and delivery to a third party, of a deed without any provision therein for the assumption of the mortgage debt, constituted a modification of the original memorandum of sale, and a waiver of Hodges' obligation to assume the payment of the indebtedness secured by the deed of trust.

It is well settled in this state that a mortgagor may convey the mortgaged premises subject to the mortgage, or he may convey them in such a manner that the grantee assumes the payment of the mortgage debt, and thus render himself personally and primarily liable therefor. At the time of the execution of the memorandum of sale and at the time of the execution and exchange of deeds conveying the lands and property therein described, the appellee had no notice of this memorandum, and had not ratified or accepted its terms, and therefore had acquired no rights as against Hodges, and the P'Pools were free to change, alter, or vary any of the terms of the memorandum or contract of sale. Gilliam v. McLemore, 141 Miss. 253, 106 So. 99, 43 A. L. R. 79. Under this memorandum the obligation of appellant was to assume

the indebtedness upon the consummation of the sale by the exchange of deeds. This memorandum was never consummated by the execution by the P'Pools of a deed wherein the grantee, as a part of the consideration for the deed executed to him, assumed the payment of the debt due by the grantors to the appellee. It appears to us that, in the absence of fraud or mistake, and none is charged or proved, a deed from the mortgagors to the appellant, without any provision for the assumption of the mortgage debt, constituted a modification and waiver of the provisions of the executory contract in respect to the assumption of the debt, and no liability was assumed by him. This status was not changed by reason of the fact that the property was conveyed, under the direction of the appellant, to the Consumers Lumber & Supply Company instead of to the appellant. The judgment of the court below will, therefore, be reversed in so far as it affects the appellant, and a decree will be entered here dismissing the bill as to him.

Reversed and decree for appellant.