McLEOD *et al. v.* BUILDING & LOAN ASS'N OF JACKSON.

(Division A. Nov. 20, 1933.)

[151 So. 151. No. 30798.]

**Hannah & Simrall,** of Hattiesburg, for appellants.

Sullivan & Sullivan, of Hattiesburg, for appellee.

Argued orally by **T. C. Hannah**, for appellant, and by **W. C. Sullivan**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment for the appellee for the balance due it on a promissory note, secured by a deed of trust which was foreclosed and the proceeds of the trustee's sale applied to the payment of the note. The case was tried by the court without a jury.

The essential facts are, in substance, as follows: On June 5, 1928, Coburn L. Weston executed to the appellee a deed of trust on a house and lot owned by him in Hattiesburg, to secure an indebtedness of three thousand dollars, payable in monthly installments. On August 7, 1928, Weston conveyed the property to McLeod and Hagerty by a warranty deed, reciting a cash consideration of one thousand five hundred dollars and the assumption by McLeod and Hagerty of the indebtedness due by him to the appellee and secured by the deed of trust on the property. On September 28, 1928, Hagerty conveyed his interest in the property to McLeod by a deed, reciting a consideration of one dollar and the assumption by McLeod of the indebtedness due by Weston to the appellee, secured by the deed of trust on the property. On February 11, 1929, McLeod conveyed the property to R. B. McLeod, Incorporated, subject to the deed of trust thereon executed by Weston. On March 14, 1929, R. B. McLeod, Incorporated, conveyed the property to Rabby;

part of the consideration therefor being the assumption by Rabby of the payment of the Weston debt to the appellee, secured by his deed of trust thereon. On September 20, 1932, the appellee foreclosed its deed of trust, purchased the property at the trustee's sale for one thousand five hundred dollars, and, on November 1, 1932, sued Weston, McLeod, Hagerty, and Rabby for the balance due on the Weston indebtedness to it after applying the one thousand five hundred dollars thereto. The appellee did not formally notify McLeod and Hagerty that it would look to them for the payment of Weston's indebtedness prior to the filing of the suit.

Weston made no defense; Rabby pleaded, and was allowed, a discharge in bankruptcy; and, from a judgment against Weston, McLeod, and Hagerty, the two latter have appealed.

Two of the appellants' contentions are: (1) That, because of the circumstances surrounding the sale of the land by Weston to them, proven by parol evidence, it appears that they did not intend to assume the payment of Weston's indebtedness to the appellee; and (2) that the appellee's acceptance, by the filing of this suit, of the appellants' promise to pay Weston's indebtedness, came too late to bind them thereto, for the reason that in the meantime the position of the appellants relative thereto had changed to their detriment.

The contract made by the appellants to assume Weston's indebtedness to the appellee is evidenced by a written instrument, and the parol evidence in contradiction thereof was not within any exception to the rule prohibiting such evidence in contradiction of a written instrument.

The promise of the appellants to pay the debt due by Weston to the appellee created two obligations on their part for the payment of that indebtedness: First, to the appellee, and, second, to Weston, each having the right to enforce the promise to it or him. 1 A. L. I. Restate-

ments, Contracts, subsection (1) of section 136. The appellee, of course, had to accept the promise to it, and this it has here done by suing thereon. If it is true that the appellee delayed accepting the appellants' promise to it until circumstances arose which, under the law, would discharge the appellants therefrom, it cannot now recover thereon. Gilliam v. McLemore, 141 Miss. 253, 106 So. 99, 43 A. L. R. 79. The circumstances here relied on as having that effect are the sale of the land by McLeod and Hagerty and the foreclosure of the deed of trust thereon by the appellee. The appellants say that, if the appellee intended to enforce their promise, they should have been advised thereof before these changed conditions arose. The question then is, were the appellants justified in presuming, when they permitted these changed conditions to occur, that the appellee did not intend to rely on their promise to pay the debt due the appellee by Weston? In deciding this question, we must bear in mind the obligation of the appellants to Weston to pay the debt and to save him harmless from his having to pay it. None of the events here relied on could have remotely justified the appellants in presuming that thereby their obligation to Weston was discharged, or that in the end they would not be called on to pay the debt due by him to the appellee. Had Weston paid the debt, or if he should now pay it, he could, of course, call on the appellants to reimburse him therefor. No harm has resulted to them, therefore, from the delay on the part of the appellee in advising them that it would rely on their promise to pay. It is simply calling on them to pay directly to it instead of indirectly through Weston. The case of Gilliam v. McLemore is not in conflict herewith; the facts there being materially different from the facts here.

A third contention of the appellants is based on evidence now to be stated. They were the owners of a tract of land which they sold to Weston, the consideration for which was paid partly in cash, partly by the execution of

promissory notes, and partly by the conveyance by Weston to the appellants of the land covered by the appellee's deed of trust. Weston still owes the appellants a balance on the notes given them by him. On these facts, the appellants say that the appellee has no greater right against them under their assumption of Weston's indebtedness to it than has Weston himself, and that Weston could only recover against them the amount of the indebtedness due by him to the appellee less the unpaid balance due by him to the appellants on the notes, executed by him to them. It may be true that, had Weston sued the appellants on their promise, they could set off against it the balance due them by him, but their promise to the appellee was direct on which it can recover in its own right untrammelled by any default by Weston in complying with another obligation from him to the appellants, although the result thereof might be to release them from their obligation to Weston. 1 A. L. I. Restatement Contracts, subsection (1) of section 136, paragraph (d), and illustration (1) thereunder.

We are not presented with a case where the consideration for a promise to pay the debt of another has failed. The consideration here for the appellants' promise to pay Weston's debt to the appellee was the conveyance of property by Weston to them, their title to which was good, and it was divested out of them only because they failed to discharge the incumbrance thereon, they having agreed not only to receive the property subject to that incumbrance, but also to pay it off themselves.

Affirmed.