SMITH, et al. *v.* GENERAL INVESTMENTS, INC.

No. 42621        March 18, 1963        150 So. 2d 862

*Everett E. Cook, Knox W. Walker,* Gulfport, for appellants.

*Ebb J. Ford,* Gulfport, for appellee.

ETHRIDGE, J.

This is a suit by a mortgagee for a deficiency judgment, after a foreclosure sale, against the mortgagors and their grantee, who assumed the mortgage debt. The Circuit Court of Harrison County rendered judgment for the mortgagee against all defendants, after crediting the amount received on the foreclosure. The principal questions are whether the deed of trust was in default at the time of foreclosure, the relevance of evidence by the assuming grantee that he did not intend to assume the debt, and whether there was such inadequacy of sale price as to make an issue for the jury on validity of the foreclosure.

The property involved contained the Choctaw Manor tourist court, adjoining the beach on the Gulf. In 1956 Elmer H. and Sarah Q. Hemphill, appellants, executed to Holt a note secured by a first deed of trust on this property, in the amount of $105,000. On October 10, 1958 the Hemphills borrowed $42,000 from Choctaw Systems, Inc. (called Choctaw), evidenced by the promissory note and second deed of trust involved in this action.

On December 4, 1959 Dr. Leroy J. Smith, the other appellant, purchased this property from the Hemphills. That deed recited Smith assumed and agreed to pay Holt's first mortgage, and the note and deed of trust to Choctaw, secured by the second deed of trust. Smith operated this tourist court for about six months, and on June 7, 1960 conveyed it to Water View, Inc., which did not assume the prior mortgage debts.

Smith and his grantee had difficulty keeping the payments current on both the first and second deeds of trust. The second mortgagee, Choctaw, began foreclosure proceedings on two occasions, in April and June, 1960, before the owners brought the obligations up to date.

The 1959 taxes were due and payable on or before February 1, 1960. After that they were delinquent. The mortgagors did not pay them, so on August 30, 1960 Choctaw paid Harrison County and City of Biloxi ad valorem taxes on the property, aggregating about $1200. There was a delinquent installment on the Holt first mortgage, which Choctaw also paid on September 7, 1960, in the total amount of $8,238.44.

Under these circumstances, the second mortgagee, Choctaw, proceeded to foreclose its second mortgage. It published notices of sale on August 30 and September 6, 13 and 20. The foreclosure sale was held on September 22, 1960. There were several persons present, but it was sold, with no other bidders, to Choctaw for $20,000. The trustee's deed was subordinate to the Holt first deed of trust. Subsequently, Choctaw System, Inc. merged with General Investments, Inc. (plaintiff-appellee).

After hearing evidence, the circuit judge gave a peremptory instruction for General Investments, Inc. against the Hemphills and Smith for $21,130.89, being the balance of the debt under the note, secured by the second deed of trust, less credit to defendants of the $20,000 purchase price at the foreclosure sale. It held that there were no factual issues for the jury, and disallowed claimed trustee's and attorney's fees. Plaintiff took no cross-appeal.

(Hn 1) Before the beginning of publications of notice for foreclosure, the debt was in default and the mortgagee had a right to accelerate its maturity. Taxes on the property were long since delinquent. (Hn 2) The mortgagors agreed to pay all taxes as they fell due,

before December 31 of each year. Should they fail to do so, the deed of trust authorized the beneficiary, at its option, to declare the whole debt due and payable. When so provided by the mortgage, the debt secured may become due and the mortgage may be foreclosed on a default in the payment of taxes. 59 C.J.S., Mortgages, sec. 495 (4) (d), p. 788.

(Hn 3) Appellants contend the foreclosure sale price was so grossly inadequate as to invalidate it, or at least it was a question for the jury. We do not agree. Generally, a party to a mortgage foreclosure is not permitted, when sued for a deficiency, to set up as a defense that the mortgaged property was sold on foreclosure for an inadequate price, in the absence of a showing of fraud. 37 Am. Jur., Mortgages, sec. 865. However, we do not reach that question, because mere inadequacy of price at a foreclosure sale is not sufficient cause for setting it aside, in the absence of fraud, irregularity, or other circumstances appealing to the equitable jurisdiction of the court. (Hn 4) The inadequacy must be so gross as to shock the conscience of the court or to amount to fraud. 59 C.J.S., Mortgages, sec. 750 (e); 37 Am. Jur., Mortgages, sec. 643. None of these circumstances existed here. (Hn 5) Defendants' evidence as to the total value of the property, when compared with the aggregate amounts of the first and second deeds of trust and the sale price, failed to reveal any grossly disproportionate price on the foreclosure.

(Hn 6) There is no merit in Smith's claim that he did not effectively assume the indebtedness. He accepted the deed, which provided that he assumed and agreed to pay the debt. He admitted that he agreed to pay it, but claimed he "did not know that it would go beyond the value of the property." However, Hemphill said he and Smith both understood that Smith was assuming the obligation. Smith asked for no affirmative relief, and could not seek reformation in circuit court. More-

over, even if rescission for mutual mistake were available, there was no evidence to support a mutuality of mistake, hence no issue for the jury.

McLeod v. Building & Loan Assn. of Jackson, 168 Miss. 457, 151 So. 151 (1933), held that parol evidence was not admissible to show that the grantees did not intend to assume the grantor's debt secured by trust deed, where grantees' assumption of the indebtedness was evidenced by a written instrument. It was said also that the mortgagee in a suit for a deficiency judgment could recover against both the original mortgagor and his grantee who assumed the debt. To the same effect is Gilliam v. McLemore, 141 Miss. 253, 106 So. 99 (1925).

(Hn 7) An agreement by the grantee of mortgaged premises to assume and pay the mortgage debt inures to the benefit of the holder of the mortgage. Hence a grantee who has thus assumed it incurs a personal liability to the mortgagee. 59 C.J.S., Mortgages, sec. 418, 416. (Hn 8) And since there was no agreement by Choctaw to accept the grantee in place of the Hemphills as a debtor, the assumption of the mortgage by Smith did not deprive the mortgagee of any rights it possessed against the mortgagors, or relieve the latter from liability for the debt. 59 C.J.S., Mortgages, sec. 415.

(Hn 9) Moreover, a grantee, such as Smith, is not relieved of liability by conveying the property to a third person, whether in conveying he exacts, or neglects to exact (as here) a promise of assumption from his grantee. 37 Am. Jur., Mortgages, sec. 1005. There is no merit in other subsidiary issues raised by appellants.

Affirmed.

*McGehee, C. J., and Arrington, McElroy and Rodgers, JJ., concur.*