LEE, Justice,
for the Court:
Glen Tagert filed suit in the Chancery Court of Marion County against Barbara Tagert, his former wife, seeking specific performance of a written instrument [See Appendix] dated November 11, 1975, executed by the Tagerts. At the conclusion of the evidence, the trial court dismissed the bill of complaint, and Glen Tagert appeals. We affirm.
The question presented is whether or not the lower court erred in declining to grant specific performance and in dismissing the bill of complaint.
Appellant and appellee were married September 15, 1956, and two children were born of the union. Difficulties arose between them, a separation occurred, and, on November 11, 1975, appellant took appellee to his attorney’s office where an instrument entitled “Property Settlement, Custody and Child Support Agreement” was prepared. The agreement was executed by them in the attorney’s office and it is the document upon which this suit is grounded. Paragraph (5) of the agreement stated:
“This agreement constitutes the entire agreement between the parties, and it is further agreed that the contents of this property settlement agreement shall be incorporated in any final decree entered by the Chancery Court of Marion County, Mississippi, provided same meets with the approval of the court.”
On November 12, 1975, the day after execution of the instrument, appellant filed a bill of complaint for divorce in the Chancery Court of Marion County averring habitual cruel and inhuman treatment on the part of appellee. He attached to the bill of complaint a copy of the November 11 agreement. Appellee employed an attorney, filed an answer denying the averments of the divorce bill, made her answer a cross-bill and sought use of the home in which she and the children lived, custody of, and support for, the children, certain personal, property, and other miscellaneous relief. She denied in the answer that the November 11, 1975 agreement was valid and binding, and alleged that it was a tentative agreement obtained by appellant through fraud, and she renounced and rejected same. The answer to the cross-bill simply denied its averments.
After a hearing on the merits, the court granted appellee a divorce and other relief prayed for, and dismissed the bill of complaint filed by appellant, together with the November 11, 1975 agreement exhibited thereto. The chancellor held in his finding of fact the following:
“That after negotiation the Cross-Complainant and Cross-Defendant have reached an oral agreement in regard to certain property, child custody, child support, attorney’s fee and related matters; and the Court further finds that said agreement is reasonable and should be ratified by the Court.”
*599 Pursuant to that finding, the chancellor decreed the following with reference to the property involved in this cause:
“4. That the use and occupancy of the Marion County, Mississippi house and real property owned jointly by the parties hereto, be and the same is hereby awarded unto the Cross-Complainant; that the Cross-Defendant be, and he is hereby ordered and directed to pay the monthly mortgage notes on said property to First Federal Savings and Loan Association of Marion County, as and when said payments become due; that the Cross-Defendant be, and he is hereby ordered and directed to keep and maintain mortgage and hazard insurance on said property; that the Cross-Defendant be, and he is hereby ordered and directed to pay all property taxes on said Marion County property as and when the same become due; and that the provisions of this paragraph 4 shall continue in force until the minor children of the parties have married or until the said children have otherwise been emancipated.
5. That the use and occupancy of the Jefferson Davis, Mississippi house and real property owned jointly by the parties hereto, be and the same is hereby awarded unto the Cross-Defendant; that the Cross-Defendant be, and he is hereby ordered and directed to maintain hazard insurance on said property; that the Cross-Defendant be, and he is hereby ordered and directed to pay all property taxes on said property as and when the same becomes due; and that the provisions of this paragraph 5 shall continue in force until the minor children of the parties have married, or until the said children have otherwise been emancipated.
6. That the December 1975 rent of FIFTY DOLLARS ($50.00) on the Jefferson Davis County, Mississippi property be, and the same is hereby awarded unto the Cross-Complainant.”
No appeal was taken from the divorce decree, wherein the property involved here was disposed of, and that decree became final and binding upon the parties.
As an affirmative defense in the case sub judice, appellee asserted that the divorce decree, which adjudicated the real property of the parties, consisting of the home and six (6) acres of land in Marion County and one hundred (100) acres of land in Jefferson Davis County, to be the jointly-owned property of the parties, was res judicata of the issue.
Appellant testified at the specific performance trial that he had difficulty in reading and writing and that he did not fully understand the contents of the agreement. Appellee testified that she had no attorney at the time it was executed, that appellant’s attorney advised her she could reject same, if she resisted the divorce action, and that the agreement was a tentative one.
The appellant contends that the ground upon which the chancellor decided the case, viz, abandonment of appellant’s rights under the November 11, 1975 contract, was not pled as an affirmative defense, that the case was not decided upon the defense of res judicata and that judgment should be entered here for him.
Griffith, Mississippi Chancery Practice, Section 359, at 343-344 (2d ed. 1950) states:
“When an answer fairly conforms to the four requirements of fullness, certainty, responsiveness and consistency it is said to be sufficient; and, when it runs throughout in the negative it is, in general, true that the same measure of particularity is not required of it as is required of the bill. However brief and informal the answer may be, if it distinctly denies all and singular the material facts constituting the essential foundations of the suit it will be sufficient, such essential facts being thus put in issue, and this is true even if the denials be only on information and belief.”
The denials of appellee’s answer in the present case were sufficient to put in issue the existence, validity, or abandonment of the contract. The requirements for establishing specific performance are stated in Hutton v. Hutton, 239 Miss. 217, 119 So.2d 369, cert. den. 364 U.S. 834, 81 S.Ct. 67, 5 L.Ed.2d 60 (1960), wherein the Court said:
*600 “This Court, in Welch v. Williams, 85 Miss. 301, 37 So. 561, observed that the general rule, in reference to the enforcement of specific performance of contracts, is that ‘the contract must be specific and distinct in its terms, plain and definite in its meaning, and must show with certainty that the minds of the parties had met and mutually agreed as to all its details upon the offer made, upon the one hand, and accepted upon the other. If any of these requisites be lacking, specific performance will not be decreed by a court of equity.” 239 Miss. at 230, 119 So.2d at 374.
The chancellor found that it was not necessary to reach the question of res judicata and whether the agreement was subject to specific performance, because there was never a meeting of the minds of the parties to the November 11,1975 agreement and no contract existed. He further found that the action of the parties subsequent to signing the agreement and prior to the present suit constituted an abandonment of the agreement, if one existed, and that the bill of complaint for specific performance should be dismissed.
In Broome Construction Co. v. Beaver Lake Recreational Center, Inc., 229 So.2d 545 (Miss.1969), the Court stated:
“Rights acquired under a contract may be abandoned or relinquished by agreement or conduct clearly indicating such purpose. Intent to abandon or rescind may be inferred from conduct of the parties which is inconsistent with the continued existence of the agreement. Mutual assent to rescind or abandon a contract may be manifested in other ways than by words.” 229 So.2d at 547.
We are of the opinion that the issue of rescission of the contract and abandonment of the contract was properly before the court, that the final divorce decree, was res judicata of the question here, although the chancellor did not base his decision upon that defense, and that the lower court was correct in entering judgment for the appel-lee. Therefore, the case is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.
APPENDIX
“IN THE CHANCERY COURT OP MARION COUNTY, MISSISSIPPI
GLEN TAGERT, COMPLAINANT )
)
VS ) CAUSE NO._
)
BARBARA TAGERT, DEFENDANT )
PROPERTY SETTLEMENT, CUSTODY AND CHILD SUPPORT AGREEMENT
STATE OP MISSISSIPPI)
)
COUNTY OP MARION )
WHEREAS, the undersigned, Glen Ta-gert, hereinafter referred to as complainant, and the undersigned, Barbara Tagert, hereinafter referred to as defendant, husband and wife, separated from each other on October 26, 1975, in Marion County, Mississippi, and having reached a settlement, accord and agreement, concerning all jointly owned property, child custody and sup *601 port, it is, therefore, hereby covenanted and agreed between the parties as follows:
1. That complainant will convey to the defendant by warranty deed, subject to any encumbrances thereon, that dwelling house and residence located in the Cedar Grove Community in Marion County, Mississippi, and pay to the defendant the sum of Ten Thousand Dollars ($10,000.00), the proceeds of which are to be used to discharge that certain lien against the property owing to First Federal Savings and Loan Association of Marion County, which proceeds complainant shall obtain by way of a loan.
2. Defendant will convey to the complainant by warranty deed that certain 100-acre tract of land owned by both parties hereto in Jefferson Davis County, Mississippi, and defendant will make no further claim of any right, title or interest in said land, but does hereby agree to execute any deed of trust, if required of her by a lending institution for the purpose of complainant obtaining a loan as above stated, which shall be secured by a deed of trust on said 100-acre tract of land.
3. Complainant also agrees that there will be included in the deed to the defendant on said residence all the contents of the residence, and appurtenances thereunto belonging.
4. It is further agreed by and between complainant and defendant that the defendant shall have the permanent care, custody and tuition of said minor children, subject to the right of reasonable visitation by complainant at reasonable times and places, and it is further agreed that the complainant shall pay to the defendant the sum of Seventy-Five Dollars ($75.00) per month for each child, as child support until said children complete or leave high school.
5. This agreement constitutes the entire agreement between the parties, and it is further agreed that the contents of this property settlement agreement shall be incorporated in any final decree entered by the Chancery Court of Marion County, Mississippi, provided same meets with the approval of the court.
WITNESS OUR SIGNATURES in duplicate this the 11th day of November, A.D., 1975.
/s/ Glen Tagert
Glen Tagert, Complainant
/s/ Barbara Tagert
Barbara Tagert, Defendant
STATE OF MISSISSIPPI)
)
COUNTY OF MARION )
BEFORE ME, the undersigned authority in and for said county and state, this day personally came and appeared the within named Glen Tagert and Barbara Tagert, who acknowledged to me that they.signed, executed and delivered the above and foregoing instrument on the date therein named as their voluntary act and deed.
WITNESS MY HAND and official seal this the 11th day of November, A.D. 1975.
/s/ JAMES R. DAVIS
Notary Public
My Commission Expires Sept. 17, 1976 (Seal)”