397 So.2d 71 (1981)
Sammy GRAHAM et ux.
v.
Larry E. ANDERSON et ux.
No. 52486.
Supreme Court of Mississippi.
March 18, 1981.
Rehearing Denied May 6, 1981.
E. Howard Eaton, Taylorsville, for appellants.
Dan C. Taylor, Travis Buckley, Ellisville, for appellees.
Before PATTERSON, SUGG and WALKER, JJ.
SUGG, Justice, for the Court:
The question in this case is whether an offer to sell land was accepted in accordance with the terms of the offer.
Larry E. Anderson and wife, Melda Kay Anderson, filed an amended bill of complaint for specific performance against Sammy Graham and wife, Rhonda Graham in the Chancery Court of Jasper County. The Grahams have appealed from a final decree ordering them to convey 33 acres of land to the Andersons.
The Grahams agreed to sell the Andersons their home and 33 acres of land and executed an option which provided in part, "The total purchase price for said property is $45,000 ..." The option also contained the following provisions:
This option is given to enable the Buyer to obtain a loan insured or made by the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (hereinafter called the "Government"), for the purchase of said property. It is agreed that the Buyer's efforts to obtain a loan constitute a part of the consideration for this option and any downpayment will be refunded if a loan cannot be processed by FmHA.
At the time the option was executed there were outstanding three deeds of trust on the land. The first was executed in 1970 in favor of Farmers Home Administration and secured a note in the amount of $9,000, the second was executed in 1973 in favor of Farmers Home Administration and secured a note in the amount of $17,000 plus the previous note of $9,000, and the third was executed in 1975 in favor of Commercial National Bank and secured a note in the amount of $6,066.
The evidence relating to the acceptance of the offer to purchase by the Andersons *72 was by Larry Anderson. He testified he obtained a commitment from Laurel Federal Savings and Loan Association for a loan in the amount of $24,000. The loan included $3,000 to pay off a loan which Anderson incurred to build a swimming pool at the house then owned by him. He stated he intended to pay the Grahams $45,000, (1) by assuming the Graham loan with the Farmers Home Administration, (2) by paying off the Graham loan to Commercial National Bank, and (3) by paying the difference between the purchase price and the amounts the Grahams owed Farmers Home Administration and Commercial National Bank. He also testified that Farmers Home Administration would subordinate its mortgage to Laurel Federal so Laurel Federal would have a first lien on the property he was purchasing from the Grahams.
In order to determine whether the Grahams' offer to sell was accepted by the Andersons in accordance with the terms of the offer, we must determine the question in accordance with our decisions. In Welch v. Williams, 85 Miss. 301, 37 So. 561 (1904) the general rule with reference to enforcement of specific performance of contracts was stated as follows:
[T]he contract must be specific and distinct in its terms, plain and definite in its meaning, and must show with certainty that the minds of the parties had met and mutually agreed as to all its details upon the offer made, upon the one hand, and accepted, upon the other. If any of these requisites be lacking, specific performance will not be decreed by a court of equity. (85 Miss. at 303, 304, 37 So. at 561)
This rule has been followed consistently as shown by the following cases. Tagert v. Tagert, 381 So.2d 597 (Miss. 1980); Thomas v. Bailey, 375 So.2d 1049 (Miss. 1979); Hutton v. Hutton, 239 Miss. 217, 119 So.2d 369, cert. denied 364 U.S. 834, 81 S.Ct. 67, 5 L.Ed.2d 60 (1960); Fowler v. Nunnery, 126 Miss. 510, 89 So. 156 (1921); Phelps v. Dana, 121 Miss. 697, 83 So. 745 (1920).
In Robinson v. Martel Enterprises, Inc., 337 So.2d 698 (Miss. 1976) we held that it is incumbent upon an optionee to exercise the option in the manner provided in the contract, and unless such requirements are waived, his failure to do so, or his attempt to exercise it in another manner, does not operate to form a binding contract of sale.
The acceptance of the offer of the Grahams to sell their land to the Andersons was not in accordance with the option contract because the deeds of trust executed by the Grahams in favor of the Farmers Home Administration would not be discharged. The Grahams would remain liable for the debt secured by these deeds of trust under our decision in Smith v. General Investments, 246 Miss. 765, 150 So.2d 862 (1963). In Smith we held that an agreement by the grantee of mortgaged premises to assume and pay the mortgaged debt did not release the grantor of the mortgaged premises from liability for the debt.
The Andersons did not accept the offer of the Grahams to sell in accordance with the provisions of the option contract because they did not tender the Grahams $45,000. Instead, the Andersons made a tender which constituted a counter offer. The Andersons, according to their tender, would assume the Farmers Home Administration deeds of trust which were to be subordinated to a deed of trust to be executed in favor of Laurel Federal. The option was given to enable the Andersons to secure a loan from the Farmers Home Administration for the purchase price of the property. It is clear from this provision of the option that the Andersons were to tender the Grahams $45,000 for the purchase price of the property. Out of this sum the Grahams would have been required to discharge the outstanding deeds of trust to the Farmers Home Administration and the Commercial National Bank because other provisions of the option required the Grahams to convey the property free of all incumbrances.
The Andersons' tender, instead of allowing the Grahams to pay the outstanding deeds of trust out of the purchase price, would have left the Grahams liable under *73 the 1970 and 1973 deeds of trust executed by them in favor of the Farmers Home Administration, but would have subordinated these deeds of trust to the deed of trust which the Andersons proposed to execute in favor of Laurel Federal. The counter offer was not acceptable to the Grahams so the tender was inoperative because it was not in accord with the offer of sale. Accordingly, we hold the chancellor erred in decreeing specific performance, and we therefore reverse and render on this question.
However, it is necessary to remand this case because of events that occurred subsequent to the rendition of the decree. After the decree was rendered the Grahams appealed but did not appeal with supersedeas. The trial court appointed a special commissioner who executed a warranty deed to the Andersons to the land in question. The report of the special commissioner shows that out of the proceeds of the sale the indebtedness due the Commercial National Bank by the Grahams was paid. No doubt other payments have been made by the Grahams on the Farmers Home Administration deeds of trust. We therefore remand this case to the trial court to adjust the equities between the parties.
We therefore reverse, cancel the commissioner's deed, and remand this case to the trial court for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.