493 So.2d 942 (1986)
Emanuel CRYSTAL & Gerald P. Crystal
v.
George J. DUFFY.
No. 56,372.
Supreme Court of Mississippi.
August 20, 1986.
*943 Alvin M. Binder, Lisa B. Milner, Binder, Milner & Milner, Jackson, for appellant.
Wren C. Way, Way & Field, Vicksburg, for appellee.
Before WALKER, C.J., HAWKINS, P.J. and PRATHER, J.
PRATHER, Justice, for the Court:
The question presented by this appeal is whether grantees of mortgaged premises who specifically assume liability for primary and secondary mortgage debts remain personally liable to the holder of the secondary mortgage subsequent to foreclosure of the first trust deed, when the assumptors purchase the premises at the foreclosure sale.
The holder of the secondary note, George J. Duffy, filed suit against Emanuel and Gerald Crystal, the grantee assumptors, upon a secondary deed of trust which incorporated a promissory note. After suit was transferred from Circuit to the Chancery Court of Hinds County, the chancellor held that the Crystals were liable to Duffy for the debt and granted judgment. Feeling aggrieved, defendants appealed, assigning the following as error:
(1) The lower court erred in ruling that the appellants became personally liable to the appellee by virtue of an assumption warranty deed of which the appellee was not aware and did not approve, accept or ratify.
(2) The lower court erred in failing to rule that the appellee's cause of action was barred by the doctrine of laches.

I.
A previous opinion rendered by this Court concerning the same transaction, but different parties, is found in Hudson v. Bank of Edwards, 469 So.2d 1234 (Miss. 1985), from which opinion this Court quotes the factual situation giving rise to the second lawsuit.
Appellant Norman H. Hudson is chairman of the board of Flying H. Ranch, Inc. ("Flying H"), a Mississippi corporation. On January 29, 1979, Hudson representing "Flying H", entered into a contract with the Duffys for the purchase of a 111 acre farm near Edwards, Mississippi, for $168,000. In order to finance the purchase of the property, "Flying H" executed a note to First National Bank of Vicksburg (FNB), dated February 1, 1981, in the amount of $128,000. This note was collaterally endorsed by the Crystals. Repayment of the note was secured by two deeds of trust. "Flying H" executed a land deed of trust to FNB dated February 1, 1979. As collateral guarantors, the Crystals executed a land deed of trust to FNB on four tracts of property in Clinton, Mississippi.
To secure the balance of the purchase price, "Flying H" executed a note and deed of trust to the Duffys for $40,000, covering the ranch.
On March 19, 1981, "Flying H" executed a promissory note to the Bank of *944 Edwards in the principal amount of $38,000, which was also secured by a deed of trust on the ranch.
On August 11, 1981, "Flying H" conveyed the subject property to the Crystals by an assumption warranty deed, the stated consideration of which was the assumption by the Crystals of the indebtedness secured by the deeds of trust to FNB and to the Duffys. Thereafter, the note to FNB became in default and the bank instituted foreclosure proceedings.
"Flying H", which had meantime filed for bankruptcy, sought to enjoin the foreclosure of the subject property by FNB on the grounds that it was a violation of the automatic stay in § 362 of the Bankruptcy Code. The bankruptcy court ruled that "Flying H" was not the owner of the subject property, having conveyed all interest thereto to the Crystals on August 11, 1981, by the assumption warranty deed. The bankruptcy court's order dated June 15, 1982, vacated a prior order which had stayed FNB from foreclosing on the subject property.
* * * * * *
On July 19, 1982, the Bank of Edwards filed a petition for temporary restraining order and preliminary injunction against FNB and Al Binder, trustee, seeking to enjoin the foreclosure sale of the property on the theory that FNB was required to marshal its assets and seek first to recover the indebtedness owed from the collateral endorsers of the note of "Flying H" to FNB, or from other property owned by the collateral endorsers other than the subject property.
On October 28, 1982, the Bank of Edwards made an oral motion to voluntarily dismiss its complaint to enjoin the foreclosure proceeding, which the trial court sustained in an agreed order of dismissal.
The foreclosure sale was held on November 19, 1982, and the Crystals, the collateral endorsers on the "Flying H" note and holders of the assumption warranty deed, purchased the property for $127,875.14. The trustee's deed conveyed the subject property to the Crystals without any covenant or warranty.
Thereafter, the Crystals conveyed the property to the Bank of Edwards by a special warranty deed dated November 24, 1982.
The record contains no evidence that appellee Duffy, who was in South America, received notification about the foreclosure sale.
On March 23, 1983, the appellee George Duffy filed suit against appellants, the Crystals, to hold the appellants personally liable on a $40,000.00 promissory note, together with interest, attorney's fees and costs.
The appellants Crystals responded with a joint answer and counter-claim stating that the appellee did not respond to a May 19, 1982 letter regarding foreclosure, nor attend the foreclosure sale, but that Duffy seeks to impose personal liability on the appellants for a secured obligation after the foreclosure failed to yield the full amount of the debt. Further, the Crystals assert that Duffy did not have knowledge of, and did not accept, approve or ratify the assumption of the debt by the appellants.
From the chancery court judgment, the Crystals appeal. This Court affirms the judgment of the lower court.

II.
The rule of law is that a foreclosure sale, held for property which falls into default, will normally cut off the rights of one holding a secondary deed of trust where amounts paid are sufficient to absolve only a primary deed of trust. Jaubert Bros., Inc. v. Walker, 203 Miss. 242, 33 So.2d 827 (1948). Further, a party holding a secondary deed of trust has no right to notice of foreclosure, Miss. Code Ann. § 89-1-55 (1972) [Contra: Uniform Land Transaction Act (1975), see also, G. Abbott, Priority Problems, 50 Miss. L.J. 665, 680 (1979)], or statutory right of redemption in Mississippi, but may only assert an interest prior to foreclosure by paying amounts due and subsequently engaging in foreclosure *945 for nonpayment of his secondary deed of trust. Miss. Code Ann. § 89-1-59 (1972).
However, an exception to the general rule is that a Court will refuse to enforce these rules where it is clear that the party purchasing at foreclosure (1) occupies a position of trust as co-mortgagor, or (2) assumes that mortgage as grantee, (3) is responsible for default on payments, (4) is well aware of a secondary interest and (5) transfers the property to others to escape personal liability. 59 C.J.S. Mortgages, § 733 at 1332. This exception is noted in Hudson v. Bank of Edwards, 469 So.2d 1234 (Miss. 1985):
No person may purchase at a foreclosure sale who has a duty to perform which is inconsistent with the character of a purchaser or whose connection with the sale is such that a purchase as an individual is inconsistent with his duty.
59 C.J.S. Mortgages, § 733, at 1332.
... .
The above cited treatise also states:
One occupying a position of trust or confidence towards the mortgagor, such as ... a comortgagor .. . may not purchase the mortgaged premises at foreclosure sale on his individual account where . .. the sale results from his own dereliction of duty to the one holding the beneficial interests, although some authorities hold that such a purchase is not void, but merely voidable.
Id.
The issue of this case is whether the Crystals, by agreement to assume and pay the three outstanding notes of "Flying H", rendered themselves liable to Duffy as purchasers at the foreclosure sale of the first trust deed.
The chancellor's opinion was that Duffy could proceed against the Crystals who assumed the original maker's obligation. The chancellor relied upon this Court's decision in Smith, Et al v. General Investments, Inc., 246 Miss. 765, 150 So.2d 862 (1963). In the Smith case, this Court held:
An agreement by the grantee of mortgaged property to assume and pay the mortgage debt inures to the benefit of the holder of the mortgage. Hence a grantee who has thus assumed it incurs a personal liability to the mortgagee. 59 C.J.S. Mortgages § 416, 418.
The facts here reveal that the Flying H Ranch, Inc. was released in bankruptcy on the Duffy note. The Crystals assumed the debt and defaulted upon it. At the foreclosure sale, the Crystals became purchasers of the property. The Crystals were liable for the note which was in default upon foreclosure, and now seek to terminate the second lienholder Duffy's rights.
This Court holds that the above rule of law, that no person may purchase at a foreclosure sale who has a duty to perform which is inconsistent with the character of a purchaser is applicable here. The Crystals were in a position of trust as assumptors toward Duffy and were personally liable to him, and were not relieved of liability by transferring to the Bank of Edwards the realty they purchased through foreclosure.

III.
Additionally, the Crystals argue that a mortgagee must have notice of, ratify and accept an assumption of a debt by a purchaser of the mortgaged premises before that assumption inures to the mortgagee's benefit, and that a grantee does not become personally liable to a mortgagee until that mortgagee accepts, approves or ratifies the terms of the assumption. Gilliam v. McLemore, 141 Miss. 253, 106 So. 99 (1925) and Hodges v. Southern Building Loan Association, 166 Miss. 677, 148 So.2d 223 (1933).
Gilliam is factually distinguishable and does not address the circumstances present in the case sub judice. In this case, the transfer of property involved no release of liability as in Gilliam, and it is clear that actions taken by the grantee brought about inequitable results.
Appellant also cites Hodges v. Southern Building Loan Association, 166 Miss. 677, 148 So. 223 (1933) for the proposition that *946 the mortgagee, who at the time of an execution of the memorandum of sale, did not have notice of an assumption by a grantee, would acquire no rights against a third party. However, in the Hodges case, the deed of transfer omitted any reference to the fact that the grantee assumed the payment of the debt due by the grantors to the mortgagee. The deed of trust in the case sub judice specifically sets forth the assumption of the indebtedness to the appellee by appellants.
Hodges, supra, further held:
It is well settled in this state that a mortgagor may convey the mortgaged premises subject to the mortgagee, or he may convey them in such manner that the grantee assumes the payment of the mortgaged debt, and thus render himself personally liable and primary liable therefor.
Hodges at 224. See also Malone v. United States of America, 326 F. Supp. 106 (N.Dist.Miss. 1971); Goldberg v. Lowe, 509 F. Supp. 412 (N.Dist.Miss. 1981); also Smith v. General Investments, 246 Miss. 765, 150 So.2d 862 (1963); McLeod v. Builders & Loan Association of Jackson, 168 Miss. 457, 151 So. 151 (1933).
In McLeod v. Building & Loan Association of Jackson, 168 Miss. 457, 151 So. 151 (1933), two grantees contested liability assessed against them when a mortgagee foreclosed to enforce its interests on property conveyed to the grantees. The court there, looking to a series of conveyances wherein the grantees were never released from indebtedness, stated:
None of the events here relied on could have remotely justified the [grantees] in presuming that thereby their obligation to [mortgagee] was discharged, or that in the end they would not be called on to pay the debt due [the mortgagee]... . No harm has resulted to [the grantees] therefore, from the delay on the part of the [mortgagee] in advising [the grantee] that [the mortgagees] would rely on [the grantees'] promise to pay. It is simply calling on [the grantee] to pay directly to [the mortgagee] instead of indirectly through [the grantor].
Id. at 152.
Such language appears clearly applicable to the case at bar.
On August 11, 1981, Flying H conveyed the subject property to the Crystals by an assumption warranty deed, the stated consideration being the assumption by the Crystals of the indebtedness to First National Bank and the Duffys. The Crystals purchased the property at the foreclosure sale on November 19, 1982. On November 24, 1982, the Crystals conveyed the property to the Bank of Edwards by a special warranty deed.
The opinion of the judge in the lower court of the case sub judice held:
It seems to this court of equity to be impossible for these defendants to use their own act of purchasing the property at a foreclosure sale when they were also liable for the note which was in default when the land was foreclosed upon under said first deed of trust. For them to be able to use that action in order to cut off the second lienholder, Duffy, to whom they were also liable just seems incongruous in a court of equity. I do not believe they can or should, and it is the judgment of the court that the defendants are liable for 10% attorney's fees, interest, and the principal sued for, less the payments which had already been made as shown by the evidence in this cause ...
In this proceeding, it appears that the Crystals cannot stand as a bona fide purchaser who buys without knowledge of an outstanding interest at the foreclosure sale. The Crystals, as purchasers of the property from Flying H were well aware of Duffy's interest and of his absence from the country and inability to protect his interests.
Therefore, this Court affirms the judgment of the lower court finding that the Crystals were liable on the assumption of the note in favor of George Duffy. Principles of equity dictate that the Crystals not be allowed to renege on an obligation by *947 posing as bona fide purchasers at a foreclosure proceeding. The other issue assigned as error on appeal is without merit.
AFFIRMED.
WALKER, C.J., and ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.