PATTERSON,. Chief Justice,
for the Court:
This suit in ejectment was brought in the Circuit Court of George County by Mark *490 Oil, Incorporated, against Carol A. Adams. The court found Mark Oil to be the lawful owner of the questioned property and ordered Mrs. Adams to vacate the premises.
Necessary to the trial court’s decision was the determination of title to the property as between the parties. A brief history concerning the title and business relationship of the parties follows:
1. On March 2, 1974, Carol Adams and her now deceased husband, Thomas Adams, purchased by warranty deed a home and approximately eight acres of land;
2. A deed of trust was executed by the Adams to the First Federal Savings & Loan Association on March 11,1974, to secure the purchase price;
3. Mr. Adams conveyed the property to Mrs. Adams July 23, 1974;
4. On August 6, 1974, the Adams executed a second deed of trust to Mark Oil to secure an indebtedness of Mr. Adams to Mark Oil;
5. A suit to set aside this second deed of trust was filed by the Adams on November 11, 1974;
6. Mark Oil brought suit against Mr. Adams on an open account November 12, 1974;
7. Mark Oil foreclosed on the second deed of trust in December of 1974;
8. On March 17, 1975, Mr. and Mrs. Adams executed a quitclaim deed conveying the property to Mark Oil. On the same date Mr. Adams entered into a contract for the repurchase of the property from Mark Oil and executed two promissory notes to it;
9. An order of dismissal was entered April 4, 1975, stating the suit to set aside the second deed of trust had been fully compromised and settled;
10. On January 22, 1976, Mark Oil brought an unlawful entry and detainer action against Mrs. Adams resulting in a judgment against her for $11,526.64;
11. The judgment was subsequently enrolled and Mark Oil filed for a writ of garnishment which ended in a voluntary non-suit on September 6, 1978;
12.Mark Oil instituted the instant action seeking an ejectment of Mrs. Adams on August 18, 1980.
In our opinion the record establishes that Mark Oil has title to the property. Mrs. Adams concedes that she had not made any payments on the first deed of trust to First Federal Savings and Loan Association for several years. Additionally Mr. Adams, prior to his death, defaulted on the contract with Mark Oil to repurchase the property and Mrs. Adams has not made payments thereon since his death. On the other hand, Mark Oil has been paying the first mortgage and also insurance premiums on the property to protect its interest.
Mrs. Adams now alleges the quitclaim deed executed to Mark Oil on March 17, 1975, was procured by duress. She testified that she signed this deed to keep Mark Oil from prosecuting her husband for an alleged debt he owed the company.
Although Mrs. Adams’ testimony as related in open court is hardly disputed by other testimony from the witness stand, the exhibits introduced by her attorney do not support this allegation and in fact contradict it. Thus the trial court had more evidence to consider than that of Mrs. Adams alone. The court stated:
The Court further finds that the quitclaim deed executed by the defendant, Mrs. Carol A. Adams, arose out of a settlement and compromise of George County Chancery Court Cause No. 5132; that at the time, Mrs. Adams and her husband were represented by competent counsel and that the quit-claim deed and contract were executed under the advise of such counsel and no fraud or undue influence was used or perpetrated on Mrs. Adams; that any such defenses should have been made in a trial in the Chancery Court matter and can not now be raised before this Court in light of the settlement and compromise of the Chancery Court case.
The principle, repeated by this Court many times, and often attacked nevertheless remains steadfast and that is a trial court’s factual determination cannot be dis *491 turbed by this Court unless we can say with reasonable certainty that the findings were manifestly against the overwhelming weight of the evidence. International Harvester Co. v. Peoples Bank & Trust Co., 402 So.2d 856 (Miss.1981); Transamerica Insurance Co. v. Bank of Mantee, 241 So.2d 822 (Miss.1970). A review of this record including a study of the former suits between the parties leads us to the conclusion that there was ample evidence to support the trial court in its decision that Mrs. Adams was not under undue influence or duress at the time she signed the quitclaim deed. The trial court’s decision, therefore, will not be disturbed.
AFFIRMED.
WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.