469 So.2d 1234 (1985)
Norman H. HUDSON
v.
BANK OF EDWARDS.
No. 54760.
Supreme Court of Mississippi.
May 15, 1985.
Rehearing Denied June 5, 1985.
*1235 Norman H. Hudson, Tallulah, La., pro se.
Stephen W. Rosenblatt, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and SULLIVAN, JJ.
*1236 SULLIVAN, Justice, for the Court:
This is an action in ejectment brought by the Bank of Edwards to recover possession of certain real property which the bank purchased from the buyer at a foreclosure sale. The trial court, the Circuit Court of the Second Judicial District of Hinds County, granted summary judgment for the Bank of Edwards and ordered Hudson to vacate the property. From that judgment, Hudson appeals, asserting that the circuit court erred in:
1. Refusing to transfer appellant's claim for relief to the chancery court;
2. Granting summary judgment on the basis of a warranty deed, despite appellant's allegations of fraud and conspiracy connected with the deed;
3. Refusing to hear the claim in its entirety after accepting jurisdiction;
4. Refusing to join First National Bank of Vicksburg, Alvin Binder, Emanuel and Gerald P. Crystal, and their representatives;
5. Failing to give the appellant reasonable time to secure certain documents and summon witnesses to prove fraud and conspiracy;
6. Failing to give the appellant time to formulate a measure of damages in relation to the claim; and
7. Refusing to pursue the appellant's claim that the special warranty deed was voidable from the beginning due to fraud.
Appellant Norman H. Hudson is chairman of the board of Flying H. Ranch, Inc. ("Flying H"), a Mississippi corporation. On January 29, 1979, Hudson representing "Flying H", entered into a contract with the Duffys for the purchase of a 111-acre farm near Edwards, Mississippi, for $168,000. In order to finance the purchase of the property, "Flying H" executed a note to First National Bank of Vicksburg (FNB), dated February 1, 1981, in the amount of $128,000. This note was collaterally endorsed by the Crystals. Repayment of the note was secured by two deeds of trust. "Flying H" executed a land deed of trust to FNB dated February 1, 1979. As collateral guarantors, the Crystals executed a land deed of trust to FNB on four tracts of property in Clinton, Mississippi.
To secure the balance of the purchase price, "Flying H" executed a note and deed of trust to the Duffys for $40,000, covering the ranch.
On March 19, 1981, "Flying H" executed a promissory note to the Bank of Edwards in the principal amount of $38,000, which was also secured by a deed of trust on the ranch.
On August 11, 1981, "Flying H" conveyed the subject property to the Crystals by an assumption warranty deed, the stated consideration of which was the assumption by the Crystals of the indebtedness secured by the deeds of trust to FNB and to the Duffys. Thereafter, the note to FNB became in default and the bank instituted foreclosure proceedings.
"Flying H", which had meantime filed for bankruptcy, sought to enjoin the foreclosure of the subject property by FNB on the grounds that it was a violation of the automatic stay in § 362 of the Bankruptcy Code. The bankruptcy court ruled that "Flying H" was not the owner of the subject property, having conveyed all interest thereto to the Crystals on August 11, 1981, by the assumption warranty deed. The bankruptcy court's order dated June 15, 1982, vacated a prior order which had stayed FNB from foreclosing on the subject property.
On July 19, 1982, the Bank of Edwards filed a petition for temporary restraining order and preliminary injunction against FNB and Al Binder, trustee, seeking to enjoin the foreclosure sale of the property on the theory that FNB was required to marshal its assets and seek first to recover the indebtedness owed from the collateral endorsers of the note of "Flying H" to FNB, or from other property owned by the collateral endorsers other than the subject property. On October 19, 1982, substitute trustee Binder posted a notice of sale under the terms of the deed of trust to take place on November 19, 1982.
*1237 On October 28, 1982, the Bank of Edwards made an oral motion to voluntarily dismiss its complaint to enjoin the foreclosure proceeding, which the trial court sustained in an agreed order of dismissal.
The foreclosure sale was held on November 19, 1982, and the Crystals, the collateral endorsers on the "Flying H" note and holders of the assumption warranty deed, purchased the property for $127,875.14. The trustee's deed conveyed the subject property to the Crystals without any covenant or warranty.
Thereafter, the Crystals conveyed the property to the Bank of Edwards by a special warranty deed dated November 24, 1982.
Upon purchasing the property from the Crystals, the Bank discovered that Hudson remained in possession of the property. The bank made demand on Hudson, both directly and through his attorney, to vacate the premises. When Hudson refused to do so, the bank filed an ejectment action on January 11, 1983, in Hinds County Court to determine the bank's right to possession of the property and to force Hudson to vacate the premises.
Hudson filed an answer denying the validity of the foreclosure sale and denying the right of the Bank of Edwards to possession. The bank then filed a motion to transfer the cause to the circuit court because the property in question exceeded $10,000. Hudson filed a motion to transfer the case to chancery court in order to assert certain equitable defenses. The county judge ordered the case to be transferred to the Circuit Court of the Second Judicial District of Hinds County.
The Bank of Edwards filed a motion for summary judgment in support of which it submitted a copy of the note and deed of trust from "Flying H" to FNB, a copy of the assumption warranty deed from "Flying H" to the Crystals, a certified copy of the order of the United States Bankruptcy Court in which the court found that "Flying H" was not the owner of the property on which FNB was attempting to foreclose because "Flying H" had conveyed all title by the assumption deed to the Crystals, a copy of the trustee's deed to the Crystals, the purchasers at the foreclosure sale, and a copy of the special warranty deed from the Crystals to the Bank of Edwards.
Hudson filed a response to the motion for summary judgment, setting forth that the Crystals were collateral endorsers on the promissory note and that the Bank of Edwards conspired with FNB, the Crystals, and Al Binder to drop its suit for marshaling of assets in exchange for the Edwards property. Hudson included a copy of his complaint for specific performance of the Crystals' assumption warranty deed filed one month before the foreclosure. Hudson alleged that the Bank of Edwards through its attorney caused the Chancery Clerk to mail back the complaint that he filed on behalf of Hudson for correction and it was never returned.
Hudson requested removal of the cause to chancery court or in the alternative a jury trial on his allegations of fraud and damages. Hudson requested the joinder of the Crystals, FNB and Al Binder.
Before the hearing on the motion of the Bank of Edwards for summary judgment and the response of Hudson, the court heard Hudson's oral motion to transfer the case to the chancery court. Hudson stated that he basically "has not got a defense at law", and that to sustain a remedy that will reach an equitable result in the proceedings the chancery court should hear the case. The court overruled Hudson's motion to transfer. The court then heard argument from the bank and Hudson on motion for summary judgment. After doing so the court found that there were no genuine issues as to any material fact and that the Bank of Edwards was entitled to judgment as a matter of law. The court granted the bank's motion for summary judgment on the ground that title to the property was vested in the bank and it was entitled to possession under Mississippi's ejectment law, Mississippi Code Annotated § 11-19-1 et seq. The court ordered Hudson to vacate the property on or before March 15, 1983.

*1238 LAW

I.

DID THE LOWER COURT ERR IN GRANTING SUMMARY JUDGMENT FOR THE BANK IN THE EJECTMENT ACTION?
The standard for summary judgment is set forth in Rule 56 of the Mississippi Rules of Civil Procedure which provides that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
In Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983), this Court noted that the evidence must be viewed in the light most favorable to the party against whom the motion has been made. In Dennis v. Searle, 457 So.2d 941 (Miss. 1984), this Court observed:
Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says just the opposite. Issues of fact, as a matter of proper construction of Rule 56, also exist where there is more than one reasonable interpretation that may be given undisputed testimony, where materially differing but nevertheless reasonable inferences may be drawn from the uncontradicted facts, or where the purported establishment of the facts has been sufficiently incomplete or inadequate that the trial judge cannot say with reasonable confidence that the full facts of the matter have been disclosed.
In Brown we further recognized that
Reasonable minds may differ on the question of whether there is a genuine issue of material fact.... If there is to be error at the trial level it should be in denying summary judgment and in favor of a full live trial. 444 So.2d at 362-63.
Id. at 944.
In order to recover possession of real property in an action of ejectment, the plaintiff must have title to the property as well as the right of possession. Adams v. Mark Oil, Inc., 431 So.2d 489 (Miss. 1983).
On the motion for summary judgment, the trial court had before it Hudson's admission that default occurred in the note owed to the First National Bank of Vicksburg, and copies of the note, deed of trust, notice of foreclosure sale, proof of publication, trustee's deed, and deed from the purchaser to the Bank of Edwards. The circuit judge was also presented with a copy of the assumption warranty deed from "Flying H" to the Crystals, and an order of the Bankruptcy Court finding that said conveyance left no right, title or interest in "Flying H".
The Bank of Edwards, under these facts, obtained fee simple title from the conveyance by the Crystals at the foreclosure sale.
The Bank of Edwards cannot base its action in ejectment upon the theory that it is a mortgagee demanding possession where the mortgagor has defaulted on the deed of trust. Although the Bank of Edwards did hold a junior mortgage on the subject property, the bank's right to possession of the property under that mortgage was extinguished by the foreclosure of the senior mortgage held by First National Bank of Vicksburg. Peoples Bank and Trust Co. v. L & T Developers, 434 So.2d 699, 708 (Miss. 1983). Therefore, the Bank of Edwards must rely upon the validity of the special warranty deed given to them by the Crystals.
The basis of Hudson's claim of fraud and conspiracy can be traced to the actions of the Crystals and the Bank of Edwards prior to the foreclosure. The Crystals had failed to pay the installments under the First National Bank note in violation of the consideration of the assumption warranty *1239 deed under which the Crystals held title to the land.
Also the same attorneys who filed the Bank of Edwards suit to enjoin the foreclosure sale of the First National Bank had filed a suit on behalf of "Flying H" to require the Crystals to specifically perform their duty to pay the installments due under First National Bank's deed of trust.
We point out that the attorneys involved in these actions for the Bank of Edwards are not the same attorneys who represented the Bank of Edwards on this appeal. This issue was before the circuit court at the time he granted summary judgment.
Also before the circuit judge at the time he granted the summary judgment was the question of the legal effect of the purchase of the property at foreclosure by the Crystals, who were collateral guarantors under the note and holders of an assumption warranty deed supposedly insuring the payment of that note. In 59 C.J.S. Mortgages, § 733, at 1332, it is stated:
No person may purchase at a foreclosure sale who has a duty to perform which is inconsistent with the character of a purchaser or whose connection with the sale is such that a purchase as an individual is inconsistent with his duty.
In this case, it would appear that the Crystals owed a legal duty to "Flying H" under the terms of the assumption warranty deed to keep current the payments owed under the note to FNB. The above cited treatise also states:
One occupying a position of trust or confidence toward the mortgagor, such as ... a co-mortgagor .. . may not purchase the mortgaged premises at foreclosure sale on his individual account where . .. the sale results from his own dereliction of duty to the one holding the beneficial interest, although some authorities hold that such a purchase is not void, but merely voidable.
Id.
In connection with this matter, 28 C.J.S. Ejectments, § 44, at 895, states:
Where and only where equitable defenses are allowed, it is a good defense that plaintiff's title is void on equitable grounds... . Fraud which relates to the execution of the deed under which plaintiff claims, as that it was executed in fraud of the creditors ... may be set up as defense in ejectment whether equitable defenses are or are not allowed.
The Bank of Edwards cites two Mississippi cases in support of their position that even if consideration had been given to Hudson's defenses, the circuit court properly granted the summary judgment. Helm v. Yerger, 61 Miss. 44 (1883); Catchings v. Edmondson, 194 Miss. 882, 13 So.2d 630 (1943).
However, the Bank of Edwards cannot claim the status of a mortgagee in possession. Its sole basis for claiming right to possession is a deed from the purchasers at the foreclosure sale. If the foreclosure sale was void and conveyed no title whatever to the Crystals, then the Crystals had no title whatever to convey to the Bank of Edwards, and it follows the Bank of Edwards would have no right to maintain an ejectment action.
Under these circumstances and our rules, and our cases interpreting the granting of motions for summary judgment, we are of the opinion that the trial judge improperly sustained the motion for summary judgment, because material disputed facts were before him at that point. It was error to sustain the motion for summary judgment.

II.

DID THE LOWER COURT ERR IN REFUSING TO TRANSFER THE CASE TO CHANCERY COURT?
Hudson asserted in his motion to transfer that he did not have a defense at law to the ejectment proceeding but his sole defense was the equitable defense of "fraudulent means". He requested the transfer to chancery court in order that his equitable defense to the proceedings could be had.
*1240 A chancery court has subject matter jurisdiction over cases involving fraud. See Foote Patrick Co. v. Caladonia Insurance Co., 113 Miss. 419, 74 So. 292 (1917). This includes cases where title to property has been obtained through fraud. See Carter v. Eastman-Gardner Co., 95 Miss. 651, 48 So. 615 (1910).
In addition, chancery courts are vested with subject matter jurisdiction to try title, cancel deeds and other clouds upon title to real estate, and to decree possession and displaced possession. Miss. Constitution Art. VI, § 160 (1890).
Circuit courts are competent to hear ejectment actions. See Hytken v. Bianca, 186 Miss. 323, 186 So. 624 (1938), suggestion of error overruled, 188 So. 311 (1939).
The Bank of Edwards correctly points out that we have twice previously refused to reverse an ejectment judgment rendered in circuit court on the sole ground that the motion to transfer the case to chancery court should have been sustained. Illinois Central Railroad Co. v. LeBlanc, 74 Miss. 650, 21 So. 760 (1897); Chandler v. Bank of Brooksville, 181 Miss. 529, 537, 178 So. 797, 798 (1938).
Reversal of this case is not required under the cases construing § 147 and § 11-3-9 solely on the ground that a party has been denied right to trial by jury. Talbot and Higgins Lumber Co. v. McCloud Lumber Co., 147 Miss. 186, 113 So. 433 (1927). However, where, as here, there are other errors independent of jurisdiction as to whether the case is for equity or common law and a party has been denied a legal or equitable right, the judgment will be reversed and the case sent to the court which is best fitted to administer justice. Thompson v. First Mississippi National Bank, 427 So.2d 973 (Miss. 1983); Alabama Great Southern Railroad Co. v. McVay, 381 So.2d 607, 612 (Miss. 1980).
As this case must be reversed for the improvident granting of a summary judgment, we are of the opinion that the Chancery Court of Hinds County, Mississippi, would be the proper forum to try the ejectment and at the same time allow the appellant to enjoy the benefit of raising equitable defenses and receiving such relief as equity may grant.
As we have already found reversible error in the granting of the summary judgment, it is unnecessary to address the remaining assignments of error.
For the reasons set out above, this case is reversed and remanded to the Chancery Court of Hinds County, Mississippi.
REVERSED AND REMANDED TO THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, and ROBERTSON, JJ., concur.
ANDERSON, J., not participating.