PRATHER, Justice,
for the Court:
This case is an appeal from an order of the Chancery Court of Hinds County, wherein Chancellor Paul G. Alexander, sustained a motion by the Bank of Edwards to voluntarily dismiss an ejectment action.
Appellant, Norman Hudson, now challenges the voluntarily dismissal of the suit for ejectment as a denial of his right to present his equitable defenses and to receive such relief as equity may grant. This Court affirms the order of dismissal of the ejectment complaint, but remands the case for further proceedings.
The facts attendant to this case have been sufficiently set forth in two cases previously argued before this Court. See Hudson v. Edwards, 469 So.2d 1234 (Miss.1985); Crystal v. Duffy, 493 So.2d 942 (Miss.1986).
In Hudson v. Edwards, supra, this Court directed a reversal of a summary judgment action granted the Bank of Edwards because issues of material fact were not resolved. This Court remanded that case to chancery court stating:
[T]he Chancery Court of Hinds County, Mississippi, would be the proper forum to try the ejectment and at the same time allow the appellant to enjoy the benefit of raising equitable defenses and receiving such relief as equity may grant.
Id. at 1240.
The following events have occurred since the remand of the case to the chancery court:
1. On June 14,1985, appellant, pro se, filed a motion requesting the chancery court to force the addition of Alvin Binder, Emmanuel Crystal, Gerald Crystal and First National Bank of Vicksburg as party plaintiffs in the ejectment action.
2. On July 17, 1985, after a hearing before the court, the chancellor denied appellant’s motion to join additional party plaintiffs in the ejection action.
3. On October 4, 1985, appellant, now being represented by M. Marsha Smal-ley, attorney at law, filed a motion to amend appellant’s answer. A copy of the proposed amended answer was attached to the motion as an exhibit. The amended answer included a counterclaim.
4. On October 8,1985, appellee filed a motion to voluntarily dismiss its ejectment action, primarily on the grounds that the possession issue was moot, in that Bank of Edwards had possession of the property. Appellant did not file any response to the motion for voluntary dismissal.
5. On October 25, 1985, the Hinds County Chancery Court, after hearing both of the motions mentioned in para *1351 graphs 3 and 4 above, entered an order allowing appellee to voluntarily dismiss its ejectment action. The order also allowed appellant to file the counterclaim portion of his amended answer.
6. On October 30, 1985, appellant moved the chancery court for an order for relief from the judgment of the chancery court allowing appellee to voluntarily dismiss the ejectment action. Appellant also filed a motion requesting the chancery court to enter an order requiring appellee to pay all costs of the appeal in Mississippi Supreme Court Cause No. 54,760, and to pay $8,000. for costs allegedly sustained by appellant in defending the summary judgment action in the Hinds County Circuit Court.
7. Appellee filed a response to both motions and paid the costs that were taxed in the sum of $115.00 as mandated by the Mississippi Supreme Court.
8. On December 29, 1985, the chancery court, after a hearing, entered an order denying appellant’s motion for relief from the order allowing appellee to voluntarily dismiss its ejectment action.
9. On January 21, 1986, the chancery court entered an order denying appellant’s motion for additional damages beyond the court costs already paid by appellant.
Appellant contends that the chancery court erred in allowing appellee to voluntarily dismiss its ejectment action. Norman Hudson moved off the property before the reversal and remand of the summary judgment action in this Court. Hudson, supra. It is also clear that the Bank of Edwards has title to the property and has been in continuous possession of the property since Hudson’s departure.
It is well established that in order to maintain the action of ejectment, or a statutory substitute therefor, the plaintiff must show that he has a present right to possession of the premises in dispute and that he has been ousted or deprived of possession, or that possession is wrongfully withheld from him by the defendant. One who is in possession of real property may not sue in ejectment, but must resort to another form of remedy against anyone claiming an adverse interest or estate therein for the purpose of having such adverse or estate or interest determined.
25 Am.Jur.2d Ejectment, § 46, at pp. 573-574. In view of the fact that Hudson is no longer in possession of the property, the Bank of Edwards need not pursue an ejectment action. It is not the practice of courts to decide cases after their decision has become useless. Chisholm v. Crook, 272 Ala. 192, 130 So.2d 191 (1961). See also: Hughes Equipment Co. v. Fife, 482 So.2d 1144 (Miss.1986).
With regard to the propriety of the action for voluntary dismissal, Rule 41(a)(2) M.R.C.P., provides as follows:
Except as provided in paragraph (a)(1) of this rule, an action shall not be dismissed at the plaintiff’s instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of plaintiff’s motion to dismiss, the action may be dismissed but the counterclaim shall remain pending for adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
In Smith v. H.C. Bailey Companies, 477 So.2d 224 (Miss.1985), this Court stated as follows:
Under Rule 41(a)(2) a motion for dismissal is addressed to the sound discretion of the trial court, and we have authority to reverse only where there has been an abuse of that judicial discretion. Clearly Rule 41 establishes a uniform rule regarding voluntary and involuntary actions and is a departure from former practice.
The trial court’s decision and disposition of the motion for voluntary dismissal must consider the effect that the action will have upon the defendants and other plaintiffs, if any, and must insure fairness and protection for them. Generally, voluntary dismissal should be permitted unless such prejudice will occur, *1352 other than the prospect of another lawsuit, since a dismissal under Rule 41(a) is without prejudice, unless the order states otherwise. Holiday Queen Land Corp. v. Baker, 489 F.2d 1031 (5th Cir.1974); 9 C. Wright & A. Miller, Federal Practice & Procedure § 2364 (1973).
Appellee argued that the voluntary dismissal visited no prejudice on the appellant who can readily seek, in another action, damages for fraud, misrepresentation, defective title and loss of property against named defendants.
The Court notes here that the order of the chancery court issued on October 25, 1985 allowed appellant to file a counterclaim in an amended answer to the motion to dismiss.
Therefore Hudson may properly file a counterclaim against all parties he may wish to name as defendants.
This Court affirms the granting of the motion for voluntary dismissal of ejectment and remands this case to the Hinds County Chancery Court to allow appellant to reform his pleadings and permit appellant to file a counterclaim if he elects to do so. In the alternative, appellant may file a new claim for which relief may be granted.
This Court addresses no other errors on appeal.
AFFIRMED AND REMANDED TO ALLOW REFORMATION OF THE PLEADINGS AND TO PERMIT THE APPELLANT’S FILING OF COUNTERCLAIM OR A NEW COMPLAINT.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P. JJ., and DAN M. LEE, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.
ANDERSON, J., not participating.