# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CT-01345-SCT

*JOE CLYDE TUBWELL*

*v.*

*FV-1, INC., IN TRUST FOR MORGAN STANLEY
MORGAN STANLEY MORTGAGE CAPITAL
HOLDINGS, LLC,
MORGAN STANLEY MORTGAGE CAPITAL
HOLDINGS, LLC AND SPECIALIZED LOAN
SERVICING, LLC*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/01/2021 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM, SR. |
| TRIAL COURT ATTORNEYS: | JOHN THOMAS ROUSE |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOE CLYDE TUBWELL (PRO SE) |
| ATTORNEY FOR APPELLEES: | JOHN THOMAS ROUSE |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED IN PART; AND REMANDED - 06/06/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**KING, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     In this ejectment action brought by FV-1, Inc., the circuit court found that Joe Tubwell must vacate his property and give possession to FV-1, Inc.  It also dismissed Tubwell's counterclaims for lack of jurisdiction.  The Court of Appeals affirmed.  Because the Mississippi Rules of Civil Procedure allow broadly for permissive counterclaims, and because ejectment actions are governed by the Mississippi Rules of Civil Procedure, the

circuit court possessed jurisdiction to entertain Tubwell's counterclaims. We therefore reverse the circuit court's judgment dismissing Tubwell's counterclaims, we reverse the judgment of the Court of Appeals affirming the circuit court's dismissal of Tubwell's counterclaims, and we remand the case for further proceedings.

## FACTS AND PROCEDURAL HISTORY[1]

¶2.     Tubwell had been living in a house located on Ashbrook Drive in DeSoto County, Mississippi, since 2005. In 2016, the mortgage loan on the house went into default, and foreclosure proceedings were initiated. Tubwell filed a complaint against the mortgage companies in the DeSoto County Circuit Court in December 2016, attempting to stop the pending foreclosure. Morgan Stanley Mortgage Capital Holdings LLC ("Morgan Stanley") and Specialized Loan Servicing LLC ("SLS") were among the parties named as defendants. Morgan Stanley and SLS successfully removed Tubwell's action to a federal district court and proceeded to file a motion for summary judgment. In March 2019, the federal court granted summary judgment and entered a final judgment denying Tubwell's claims and closing the case. Tubwell subsequently filed several post-judgment motions in April 2019, including a motion for reconsideration of his claims. Before the federal court had a chance to rule on any of the post-judgment motions, however, Tubwell, Morgan Stanley, and SLS entered settlement negotiations.

On February 5, 2020, the parties reached an agreement to settle Tubwell's federal court litigation. Morgan Stanley and SLS agreed to pay Tubwell a confidential sum of money, and in exchange, Tubwell agreed to waive his objection to foreclosure and agreed to vacate the subject property by April 30, 2020. A non-judicial foreclosure sale was held on February 6, 2020, and the property was sold to FV-1, Inc., in trust for Morgan Stanley Mortgage Capital Holdings LLC ("FV-1"), as subsequently recorded in the DeSoto County land records on February 18, 2020. A Confidential Settlement Agreement and Release document ("CSA") was signed by Tubwell on February 12, 2020, and by Morgan Stanley and SLS on February 13, 2020. Thereafter, on February 21, 2020, Morgan Stanley and SLS tendered the monetary portion of the settlement to Tubwell.

---

[1]The facts and procedural history are taken largely from the Court of Appeals opinion.

Also on February 21, 2020, the parties filed a notice of tentative settlement with the federal court, notifying the court that a tentative settlement of the federal litigation had been reached and requesting ninety days to consummate the settlement agreement. Based on the notice of settlement, the federal court granted the parties ninety days to consummate the settlement and dismissed Tubwell's motion for reconsideration of summary judgment without prejudice.

Subsequent emails among Tubwell, Morgan Stanley, and SLS show that due to the COVID-19 pandemic, the parties agreed to multiple extensions of the deadline to vacate, and the final agreed-upon date for Tubwell to move out was March 31, 2021. Each time the deadline to vacate was pushed back, the parties filed a motion with the federal court to extend the period to consummate the settlement agreement.

On February 23, 2021, Tubwell filed a notice of non-confirmation of the settlement agreement in the federal court, claiming that Morgan Stanley and SLS had breached the CSA by divulging its terms to an adverse outside party. Tubwell requested the federal court to renew his motion for reconsideration of the grant of summary judgment and his original claims. In response, on March 9, 2021, Morgan Stanley and SLS filed a notice of intent to enforce the settlement against Tubwell. They argued that Tubwell was required to return the settlement funds if he wanted to negate the settlement agreement. Tubwell refused to vacate the property by the March 31, 2021 deadline and made no attempt to return the settlement funds previously tendered by Morgan Stanley and SLS. On April 1, 2021, Morgan Stanley and SLS filed a motion in federal court requesting that the court reopen the case and enforce the terms of the CSA requiring Tubwell to vacate and surrender possession of the property immediately. The federal court entered an order on August 12, 2021, and found that it had no jurisdiction to rule on the issue of enforcing the settlement agreement as part of the federal litigation, but the court held that Morgan Stanley and SLS were allowed to file a separate action for enforcement.

On August 23, 2021, Morgan Stanley and SLS sent Tubwell a letter containing a notice to vacate. The letter notified Tubwell that the subject property had been foreclosed upon, that FV-1 was the new owner, and that any and all rights to occupancy Tubwell had were terminated pursuant to the CSA and substitute trustee deed. The notice instructed Tubwell to vacate within seven days, or a lawsuit would be filed against him for possession of the property.

After Tubwell's continued refusal to vacate, and based on the federal court's instructions, Morgan Stanley, SLS, and FV-1 ("Plaintiffs") filed a complaint against Tubwell in the DeSoto County Circuit Court on September 10, 2021. Plaintiffs initiated the underlying action to enforce the terms of a settlement agreement against Tubwell and specifically requested that the circuit court order Tubwell to surrender the property because he no longer had a right to possession.

On October 6, 2021, Plaintiffs filed their motion for leave to file documents under seal, seeking to have the CSA and confidential records sealed. That same day, Tubwell filed his response to the motion to file documents under seal. The circuit court ultimately granted Plaintiffs' motion to file the CSA and confidential records under seal.

Tubwell filed his answer on October 8, 2021, challenging the court's jurisdiction to rule on the complaint and denying that a "valid or enforceable agreement conveying such property over to plaintiffs Stanley and SLS" existed. In his answer, he asserted requests for a dismissal of Plaintiffs' entire complaint, arguing that their claims were barred by waiver, estoppel, and a statute of limitations. Tubwell also included various counterclaims in his answer and later filed a motion for leave to invoke discovery.

On October 14, 2021, Plaintiffs filed their response in opposition to Tubwell's motion to dismiss, which specifically addressed the requests for dismissal included in Tubwell's answer. Less than a week later, Plaintiffs further moved to dismiss Tubwell's counterclaims on the grounds that counterclaims were not allowed in summary or possessory actions, and the issues he raised were barred by res judicata because of the federal court judgment. On October 26, 2021, Plaintiffs filed a notice of hearing, setting a hearing for November 18, 2021, on their complaint to enforce the settlement agreement, a motion to dismiss Tubwell's counterclaims, and memorandum in support. Prior to the hearing, Tubwell filed his response to Plaintiffs' motion to dismiss his counterclaims and requested that the court deny Plaintiffs' motion and allow his counterclaims to proceed. Plaintiffs filed their rebuttal in support of the motion to dismiss Tubwell's counterclaims on October 29, 2021.

Also on October 29, 2021, Plaintiffs filed a motion for summary judgment on their complaint for possession, their memorandum in support of the summary judgment motion, and their statement of undisputed facts. Plaintiffs claimed that no genuine issue of any material facts existed as to the right of possession and that FV-1 was entitled to possession as a matter of law.

In the Plaintiffs' memorandum port of their motion for summary judgment, Plaintiffs claim that FV-1 is the record owner of the subject property pursuant to the substitute trustee deed and that the CSA compels possession in FV-1. Plaintiffs present two bases to show they had the legal right of possession for the subject property that could not be disputed. First, Plaintiffs claim that FV-1 was entitled to possession because FV-1 was the record owner of the subject property and held proper title pursuant to the substitute trustee deed. Plaintiffs contend that after the property was sold upon foreclosure, Tubwell lost all possessory interest.

Second, Plaintiffs claim that the parties entered into a valid and enforceable CSA, which provided that FV-1 agreed to tender a sum of money to Tubwell for settlement, and in exchange, Tubwell agreed to vacate the subject property. The terms of the CSA also included a specific agreed-upon deadline for Tubwell to vacate, but Plaintiffs stipulated that the parties had agreed by email to extend the deadline to March 31, 2021, to allow Tubwell more time to vacate. Plaintiffs indicated that Tubwell had been granted a temporary right of possession until March 31, 2021, after which any claim to possession expired. Additionally, Plaintiffs claimed that there was no evidence Tubwell could point to that placed FV-1's legal right to possession in dispute. On November 1, 2021, Plaintiffs filed a notice of hearing on their motion for summary judgment, memorandum in support of the motion, and statement of undisputed facts for November 18, 2021. Further, Rule 81 summonses, M.R.C.P. 81, were issued on Tubwell for the hearing as to Plaintiffs' complaint to enforce the settlement agreement, motion to dismiss counterclaims, and motion for summary judgment.

On November 5, 2021, after Plaintiffs moved for summary judgment but before Tubwell filed a response to the summary judgment, Tubwell filed a motion to dismiss Plaintiffs' complaint due to the expiration of the statute of limitations and adverse possession. That same day, Tubwell also filed a motion to quash and void process of unauthorized summonses and to impose monetary sanctions and a motion to unseal confidential records.

Tubwell subsequently filed his response to Plaintiffs' motion for summary judgment and his affidavit on November 12, 2021. He opposed summary judgment on the grounds that (1) Plaintiffs failed to provide supporting affidavits or sworn documents required by Mississippi Rule of Civil Procedure 56(c), (2) his affidavit demonstrated that there were genuine issues of material facts in dispute, and (3) Plaintiffs' complaint for enforcement of the CSA was barred by res judicata. Tubwell supported his responsive motion with his own affidavit, which included multiple assertions,

5

including that: (a) the federal court case was not resolved, (b) Plaintiffs forfeited any funds they tendered to Tubwell toward settlement, (3) Plaintiffs failed to demonstrate that they did not breach or violate the CSA, (4) he maintained a right to possession after March 31, 2021, as the proceedings in this case continue, and (5) the federal court already ruled on the issue of enforcement of the CSA.

Plaintiffs filed a response to Tubwell's motion to quash and void process and their memorandum in rebuttal to his summary judgment response on November 15, 2021. In their rebuttal, they contended that none of Tubwell's arguments prevented the requested relief of summary judgment on the issue of the right to immediate possession. Plaintiffs argued that the facts of ownership and right to possession could not reasonably be disputed in light of the notarized CSA and certified substitute trustee deed. Moreover, Plaintiffs claimed Tubwell's affidavit did not set forth any facts contrary to FV-1's ownership of the subject property or Tubwell's agreement to vacate.

The circuit court entered six separate orders ruling on each of the motions filed by Plaintiffs and by Tubwell. On November 30, 2021, the circuit court (1) denied Tubwell's motion to quash and void process, finding that service of process was perfected in accordance with Mississippi Rule of Civil Procedure 4; (2) denied Tubwell's motion to strike the notice of hearing, finding that the hearing notice was in accordance with "Miss. Code Ann. 11-25-101 et seq." providing for summary proceedings in cases of unlawful detainer; (3) denied Tubwell's motion to unseal certain records finding that the records referenced were accessible to Tubwell and subject to a confidentiality agreement; and (4) denied Tubwell's motion for leave to invoke discovery finding that discovery was not allowed pursuant to summary proceedings under "Miss. Code Ann. Section 11-25-101 et seq." and that there was no good cause to warrant further inquiry into the right of possession. The circuit court also entered an order on November 30, 2021, denying Tubwell's motion to dismiss Plaintiffs' complaint upon finding that the complaint was timely filed under Mississippi Code Annotated 11-25-101, which requires unlawful detainer claims to be brought within one year of the alleged withholding of possession, and that adverse possession did not begin until the day after Tubwell's permission to possess expired on March 31, 2021.

Then on December 1, 2021, the court entered an order granting summary judgment of possession and dismissing Tubwell's counterclaims. As to the summary judgment motion, the court found that Plaintiffs had the right to possession of the subject property and that Plaintiffs had given Tubwell permission to possess the property until March 31, 2021. The court determined

6

it was indisputable that Tubwell remained in possession after the permission from Plaintiffs was terminated, and it was indisputable that Tubwell was depriving FV-1 of the rightful and lawful possession of the subject property. Consequently, the court held that Plaintiffs were entitled to immediate possession as a matter of law and granted summary judgment ordering Tubwell to relinquish possession to Plaintiffs.

In its summary judgment order, the court also simultaneously granted Plaintiffs' motion to dismiss Tubwell's counterclaims. In sum, the circuit court concluded that no triable issues remained on FV-1's claim for possession and entered a judgment requiring Tubwell to vacate the property and relinquish possession to FV-1, thereby enforcing the CSA against Tubwell.

Aggrieved, Tubwell appeals all six of the circuit court's orders in this case. . . .

Tubwell also filed an unsuccessful application for a stay of the circuit court's judgment and order to vacate for the duration of the appeal. The circuit court entered an order setting a surety bond for Tubwell's request to stay the order to vacate the home in an amount of $140,000 on December 10, 2021. Tubwell then filed a motion in [his initial] appeal to set aside and reduce the surety bond and for a stay of judgment pending appeal on December 17, 2021. [The Court of Appeals] dismissed Tubwell's motion on January 26, 2022.

Subsequently, Tubwell filed a motion in the circuit court to set aside and reduce the surety bond and for a stay of judgment pending appeal on January 31, 2022. The circuit court entered its order denying Tubwell's motion for a bond reduction on February 8, 2022. On March 3, 2022, Tubwell filed his application in [his initial] appeal seeking relief from the appeal bond set and reviewed by the circuit court. [The Court of Appeals] denied Tubwell's application on April 13, 2022. No bond was paid by Tubwell, and the DeSoto County Circuit Court entered a writ of *habere facias possessionem* (i.e., ordering that FV-1 be caused to have possession) on May 5, 2022. The DeSoto County Sheriff served the writ on Tubwell on June 6, 2022, and set the eviction for June 23, 2022. Tubwell and the occupants vacated the property before the sheriff's eviction.

*Tubwell v. FV-1, Inc.*, No. 2021-CP-01345-COA, 2023 WL 5028605, at *1–5 (Miss. Ct. App. Aug. 8, 2023).

¶3.     On appeal, Tubwell raised nine issues:

7

(1) whether the circuit court exercised proper jurisdiction over Plaintiffs' action; (2) whether the circuit court erred by denying Tubwell's motion to dismiss Plaintiff[s'] complaint; (3) whether the circuit court erred by granting summary judgment in favor of Plaintiffs on the right to immediate possession; (4) whether the circuit court erred by summarily dismissing Tubwell's counterclaims; (5) whether the circuit court erred by denying Tubwell's motion to quash and void process of summons; (6) whether the circuit court erred by denying Tubwell's motion to unseal confidential agreement records; (7) whether the circuit court erred by denying Tubwell's motion for leave to invoke discovery; (8) whether an unpaid surety bond can be applied to Tubwell's damages requested on appeal; and (9) whether the circuit court erred by denying Tubwell's motion to require Plaintiffs[] to pay the costs for the appellate record designations.

*Id.* at *5. The Court of Appeals consolidated Tubwell's issues and affirmed on all grounds, all but one of which was unanimous. *Id.* at *5-*12. However, the Court of Appeals, in affirming the substance of the circuit court's holdings, found that the circuit court erred by treating the action as one of unlawful entry and detainer. *Id.* at *10. Rather, it was properly before the circuit court as an ejectment action. *Id.* The Court of Appeals split on whether the circuit court erred by dismissing Tubwell's counterclaims for lack of jurisdiction. The majority found no error in the dismissal because the proceeding was "limited" to the issue of possession of the property. *Id.* at *10-11. It determined that counterclaims in an ejectment action "must properly arise out of the possessory action that is born of an ejectment proceeding." *Id.* at *11. Presiding Judge Wilson, joined in full by two judges and in part by three judges, dissented from the majority's decision regarding Tubwell's counterclaims, arguing that no basis in Mississippi law exists to reject counterclaims simply because they arise from a complaint grounded in possession of property. *Id.* at *14 (Wilson, P.J., concurring in part and dissenting in part). Presiding Judge Wilson pointed out that the rules

8

of civil procedure broadly allow counterclaims, thus a dismissal for lack of jurisdiction or because of a notion that the cause of action is limited is error. *Id.* at \*13-15.

¶4.     Tubwell filed a petition for certiorari with this Court raising two issues: the circuit court lacked jurisdiction to entertain the complaint and the circuit court erred by holding that it did not have jurisdiction to entertain his counterclaims, and, consequently, the Court of Appeals erred by affirming on both of those issues. We granted Tubwell's petition for certiorari solely to address the issue of whether it was error to dismiss his counterclaims for lack of jurisdiction. *See* ***Jones v. State***, 95 So. 3d 641, 645 (Miss. 2012) (Mississippi Supreme Court may limit the issues it addresses after granting certiorari); M.R.A.P. 17(h).

### ANALYSIS

¶5.     As the Court of Appeals properly found, the complaint in this case constitutes an ejectment action. Ejectment actions are governed by the rules of civil procedure, which allow counterclaims. *See* ***Hudson v. Bank of Edwards***, 495 So. 2d 1349 (Miss. 1986). The rules of civil procedure allow compulsory counterclaims when the counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction." M.R.C.P. 13(a). The scope of compulsory counterclaims is clearly limited by the plain language of Rule 13(a). However, permissive counterclaims are also allowable, and consist of "*any* claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." M.R.C.P. 13(b) (emphasis added). The purpose of broadly allowing counterclaims is "in order to

9

expedite the resolution of all the controversies between the parties in one suit and to eliminate the inordinate expense occasioned by circuity of action and multiple litigation." M.R.C.P. 13 advisory comm. n. Generally, a court should decline to entertain a permissive counterclaim only if the counterclaim "will create confusion, prejudice, unnecessary delay or increased costs[.]" *Id.*

¶6. Counterclaims are allowed in ejectment actions, which are governed by the rules of civil procedure. Allowable counterclaims may be compulsory or permissive, both of which encourage judicial economy. The circuit court clearly had jurisdiction to entertain Tubwell's counterclaims, and it erred when it declined to do so based on a lack of jurisdiction. Moreover, the circuit court did not make any findings that the counterclaims would create confusion, prejudice, unnecessary delay, or increased costs. The Court of Appeals could not base its affirmance on this issue on any proper discretionary findings made by the circuit court, because the circuit court made no such findings. Because the rules of civil procedure broadly allow permissive counterclaims, and because the circuit court made no findings that Tubwell's permissive counterclaims were inappropriate, we reverse the circuit court's judgment to dismiss Tubwell's counterclaims for lack of jurisdiction, and we reverse the Court of Appeals judgment affirming the circuit court's dismissal of Tubwell's counterclaims.

## CONCLUSION

¶7. Under Mississippi Rule of Civil Procedure 13, permissive counterclaims are allowed in this ejectment action governed by the rules. The circuit court consequently erred when it

10

found that it lacked jurisdiction to entertain Tubwell's counterclaims. This Court reverses the judgments of the circuit court and the Court of Appeals only with regard to the dismissal of Tubwell's counterclaims for lack of jurisdiction. We affirm the judgments of the circuit court and the Court of Appeals on the remainder of the issues raised. We remand the case to the circuit court for further proceedings consistent with this opinion.

¶8. **AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

**KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. RANDOLPH, C.J., NOT PARTICIPATING.**

11